U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Jan 14 - 2026**

John M. Domurad, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
(UTICA DIVISION)**

|  |  |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>       Plaintiff,<br><br>-against-<br><br>CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC.,<br><br>       Defendants. | FEDERAL COURT NEW CASE NO.:<br>Trial By Jury Requested  6:26-cv-70 (MAD/MJK)<br><br>Removed from:<br>Supreme Court of the State of New York, Oneida County<br>Index No: EFCA2023-000004 |

DEFENDANTS' NOTICE OF REMOVAL

Pursuant to **28 U.S.C. §§ 1331, 1441(a), 1446, and 1367**, Defendants **Carmine P. Amelio, Paul A. Amelio, and Alfonso Amelio**, appearing **pro se**, hereby remove this action from the **Supreme Court of the State of New York, County of Oneida** (Index No. **EFCA2023-000004**) to the United States District Court for the Northern District of New York.

This removal is based **primarily on federal question jurisdiction** under § 1331. **Diversity jurisdiction** under § 1332 is pled **in the alternative and as supplemental**, without waiver of federal-question supremacy.

All Defendants join in this removal and reserve all rights and defenses.

**I. INTRODUCTION**

This is the **third foreclosure attempt** on a mortgage **irrevocably accelerated in 2009**, with the **six-year statute of limitations under CPLR § 213(4) long expired**. Plaintiff's enforcement rights were permanently extinguished **years before** the December 22, 2022 filing of this action.

The state proceedings have been irreparably tainted by:

- **Fraud upon the court**
- **Improper and void service**
- **Lack of standing**
- **Statute-of-limitations violations**
- **Summary denial of emergency relief without judicial review**
- **Systemic denial of procedural due process**
- **Failure to provide ADA accommodations for documented disabilities**

Despite detailed emergency filings, the state court **refused to sign a proposed OSC**, issued a **blank, one-line denial of an emergency motion**, barred reply, and relied exclusively on **misrepresentations by plaintiff's foreclosure counsel**, rendering the forum **constitutionally inadequate** .

Removal is necessary to protect **federally secured rights that cannot be enforced in the state forum**.

**II. PARTIES**

1. **Plaintiff** U.S. Bank, National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust, is a national banking association and **not a citizen of New York**.
2. **Defendants** Carmine P. Amelio, Paul A. Amelio, and Alfonso Amelio are **citizens of New York** and co-owners of the subject property located at **4917 / 4915 Clinton Road, Whitesboro, NY**.
3. **Mortgage Electronic Registration Systems, Inc. (MERS)** is a Delaware corporation with principal place of business in Virginia.
4. **Quicken Loans, Inc.** is a non-depository mortgage originator and not a New York citizen.

## III. PROCEDURAL AND FACTUAL BACKGROUND (SUMMARY)

- **September 22, 2006**: Loan originated by **Quicken Loans**, a non-depository lender, via **table funding**.

- An **undisclosed electronic promissory note** was simultaneously created and registered in the **MERS eRegistry** (MIN 1000390-4893497370-4) **without borrower consent or electronic signature**, in violation of **ESIGN and UETA**

- **December 15, 2009**: First foreclosure action filed — **debt accelerated**.

- **2014** and **2020**: Prior foreclosure actions discontinued **without any de-acceleration**.

- **December 22, 2022**: Present action commenced **after statute of limitations expired**.

- **January 8–12, 2026**: State court refuses OSC, denies emergency motion in a one-line order, and blocks reply — **days before a scheduled foreclosure sale**

## IV. FEDERAL QUESTION JURISDICTION

## 28 U.S.C. § 1331 (PRIMARY BASIS)

This action necessarily raises **substantial, disputed federal questions**, including but not limited to:

- **Truth in Lending Act (15 U.S.C. § 1601 et seq.)** — undisclosed table-funding and dual-note scheme

- **ESIGN Act (15 U.S.C. § 7001)** and **UETA** — creation and registration of an electronic note without consent or electronic signature

- **RESPA / Regulation X** — improper servicing and foreclosure practices

- **FDCPA (15 U.S.C. § 1692)** — deceptive and false representations by foreclosure counsel

- **Dodd-Frank Act** — mortgage servicing violations

- **Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.)** — denial of reasonable accommodations

- **42 U.S.C. § 1983** — deprivation of constitutional rights under color of state law

- **Fifth and Fourteenth Amendments** — denial of procedural due process and access to courts

The **state court's refusal to adjudicate emergency constitutional claims**, combined with its reliance on misrepresentations and summary denials, independently establishes federal jurisdiction.

These issues are **structural and jurisdictional**, not merely defensive.

## V. CIVIL-RIGHTS REMOVAL

**28 U.S.C. § 1443(1)**

Defendants are unable to enforce federal civil rights in the courts of the State of New York. The state court:

- Refused to hear emergency motions despite imminent foreclosure;
- Issued summary, non-reasoned denials;
- Prevented reply or hearing;
- Failed to accommodate documented disabilities.

This constitutes a **systemic denial of rights**, not an adverse ruling, satisfying **Georgia v. Rachel**, 384 U.S. 780 (1966).

## VI. DIVERSITY JURISDICTION (SECONDARY / ALTERNATIVE)

Complete diversity exists:

- Plaintiff is **not a New York citizen**
- All Defendants are **New York citizens**
- The amount in controversy **exceeds $75,000**, exclusive of interest and costs

Diversity is pled **in the alternative**, without conceding that state-law characterization defeats federal jurisdiction.

## VII. INADEQUACY OF STATE FORUM

The state forum has proven **incapable of protecting federal rights**, as evidenced by:

- Refusal to sign a proposed OSC despite imminent sale
- One-line denial of emergency motion without findings
- No hearing, no briefing, no reply permitted
- Reliance on counsel's misstatements
- Ignoring statute-of-limitations and jurisdictional defects
- Failure to provide ADA accommodations

These facts independently justify removal and federal intervention

## VIII. PROCEDURAL COMPLIANCE

Removal is timely under **28 U.S.C. § 1446(b)**.

Upon filing and service pursuant to **§ 1446(d)**, **all state-court proceedings — including any scheduled foreclosure sale — are stayed by operation of law**.

Concurrent with the filing of this Notice of Removal, Defendants have served this notice upon Plaintiff's counsel and filed a copy of the notice with the Clerk of Court for the Supreme Court of the State of New York, Oneida County.

Defendants are named defendants in the Complaint. All requirements for removal are met. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

Defendant requests a jury trial which plaintiff did not request in the state court action.

True and correct copies of all state-court pleadings, orders, and emergency filings are attached as Exhibit A.

Defendant requests a jury trial which plaintiff did not request in the state court action.

## IX. RESERVATION OF RIGHTS

Defendants expressly reserve **all defenses, counterclaims, jurisdictional objections, and federal causes of action**, including quiet title, declaratory relief, damages, and injunctive relief.

**WHEREFORE,**

Defendants respectfully request that this Court:

1. **Accept removal and assume jurisdiction**;
2. **Preserve the status quo pending further proceedings**;
3. **Preserve all rights, defenses, and counterclaims of Defendants**;
4. **Protect Defendants' federally secured rights**; and
5. Grant such other relief as this Court deems just and proper.

Dated: New Milford, CT                      Respectfully submitted,
       January 14, 2026

Carmine Amelio, *Defendant Pro Se*

Alfonso Amelio, *Defendant Pro Se*

Paul Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com


**AFFIRMATION OF CARMINE AMELIO IN SUPPORT OF REMOVAL**
**(28 U.S.C. § 1746, incorporating removal history & counterclaim defendants)**

I, **Carmine Amelio**, declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that the following is true and correct:

1. I am a Defendant in this foreclosure action and submit this affirmation in support of Defendants' Notice of Removal from the Supreme Court of the State of New York, County of Oneida (Index No. EFCA2023-000004).
2. This action arises from a mortgage transaction irrevocably accelerated no later than **December 15, 2009**, with the six-year statute of limitations under **CPLR § 213(4)** expiring years before Plaintiff commenced the present action on **December 22, 2022**.

3. Plaintiff's enforcement rights were permanently extinguished. No lawful de-acceleration ever occurred, and none was pleaded, noticed, or adjudicated in any prior action.

4. The mortgage was originated on **September 22, 2006** by **Quicken Loans, Inc.**, a non-depository lender, through **table funding** using third-party warehouse credit, a fact never disclosed to the borrower.

5. An **electronic promissory note** was created and registered in the **MERS eRegistry** (MIN 1000390-4893497370-4) **without disclosure, consent, or electronic signature**, in violation of the **ESIGN Act** and **UETA**, rendering the note, mortgage, and all subsequent assignments void ab initio.

6. **MERS never held the note**, never had a beneficial interest, and lacked authority to assign. These defects are jurisdictional and non-waivable.

7. The state-court proceedings have been fundamentally unfair and constitutionally defective. Despite the imminent foreclosure sale scheduled for **January 14, 2026**, the court:

   o Refused to sign a proposed Order to Show Cause;

   o Issued a one-line denial of an emergency motion without findings;

   o Barred reply or hearing;

   o Relied exclusively on misrepresentations by Plaintiff's foreclosure counsel;

   o Failed to provide reasonable accommodations for documented disabilities.

8. These actions deprived Defendants of **procedural due process**, **access to courts**, **equal protection**, and **ADA protections**, and constitute deprivation of federal rights under **color of state law**.

9. The state forum has proven incapable of enforcing federally secured rights, necessitating removal under **28 U.S.C. §§ 1331, 1441, 1443(1), and 1367**.

10. All Defendants join in this removal. All factual statements in the Notice of Removal and incorporated filings are true to the best of my knowledge.

I affirm the foregoing is true and correct.

**WHEREFORE,**

Defendants respectfully request that this Court:

1. **Accept removal and assume jurisdiction**;

2. **Preserve the status quo pending further proceedings**;

3. **Preserve all rights, defenses, and counterclaims of Defendants;**

4. **Protect Defendants' federally secured rights**; and

5. Grant such other relief as this Court deems just and proper.

Executed on this 14th day of January, 2026.

Dated: New Milford, CT                    Respectfully submitted,
       January 14, 2026


Carmine Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com


CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served upon the following parties or counsel via electronic and/or US Mail on this 14th day of January, 2026:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Franklin Chiu, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

Dated: New Milford, CT                    Respectfully submitted,
       January 14, 2026


Carmine Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com