SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONEIDA
-------------------------------------------------------------------------X
U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,

          **Plaintiff,**

-against-

CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC.;

"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

          **Defendants.**
-------------------------------------------------------------------------X

**INDEX NO.**

<u>VERIFIED
COMPLAINT</u>

  The complaint of the above-named Plaintiff, by BERKMAN, HENOCH, PETERSON & PEDDY, P.C., its attorneys, alleges:

  1. That on September 22, 2006 PAUL A. AMELIO duly executed and delivered to QUICKEN LOANS, INC. a note bearing the said date, wherein and whereby he promised to repay to QUICKEN LOANS, INC., its successors or assigns, the principal sum of $94,500.00 with interest at the initial rate of 7.25% per centum per annum, as set forth in said Note (hereinafter the "Note"). The Note contained a clause that Mortgage dated the same day as the Note protects the Note holder from possible losses which might result from failure to keep the promises made in the Note. That the mortgage (hereinafter "Mortgage") accompanying the Note provided for the payment on said dates of an installment as estimated by the mortgagee for taxes, etc., and for payment of late charges in the event any payment becomes overdue for a period in excess of fifteen

(15) days.

2.    That to secure the payment of the sum represented by said Note, On September 22, 2006, CARMINE P. AMELIO, PAUL A. AMELIO AND, ALFONSO AMELIO duly executed and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., SOLELY AS NOMINEE FOR QUICKEN LOANS INC. their Mortgage dated and acknowledged on that day whereby they mortgaged to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., SOLELY AS NOMINEE FOR QUICKEN LOANS INC., its successors or assigns, the premises therein described as set forth more fully on Schedule A annexed (hereinafter the "Premises").

> TOGETHER with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, all as is more fully set forth in said mortgage.

That the Mortgage was recorded in the QNEIDA County Clerk's Office on October 4, 2006 in Instrument No.: 2006-021419 and the mortgage recording tax thereon was duly paid. The Mortgage was subsequently assigned ("First Assignment") from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., SOLELY AS NOMINEE FOR QUICKEN LOANS INC. to BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP by assignment of mortgage dated July 9, 2009 and recorded in the Oneida County Clerk's Office on August 4, 2009 under Instrument No.: 2009-012524.

3.    The Mortgage was further assigned ("Second Assignment") from BANK OF AMERICA, N.A SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP to FEDERAL NATIONAL MORTGAGE ASSOCIATION by assignment of mortgage dated: April 16, 2015 and recorded in the Oneida County Clerk's Office on April 29, 2015 under Instrument No.: 2015-005535.

4.    The Mortgage was further assigned ("Third Assignment") from FEDERAL

NATIONAL MORTGAGE ASSOCIATION TO U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST by assignment of mortgage dated June 27, 2019 and recorded in the Oneida County Clerk's Office on June 27, 2019 under Instrument No.: 2019-8052

5. The Mortgage was further assigned ("Fourth Assignment") from U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST to U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST by assignment of mortgage dated May 18, 2022 and recorded in the Oneida County Clerk's Office on June 28, 2022 under Instrument No.: 2022-010312 (Copies of the Note, including any endorsements, together with the Mortgage and assignments, are annexed hereto as **Exhibit A**).

6. That Mortgage provided, among other things, that the total indebtedness shall become due at the option of the holder of the Mortgage after failure to keep any promise or agreement in the Mortgage including the promise to pay when due the amounts owed to the lender under the Note and under the Mortgage.

7. That the Plaintiff, directly or through an agent, has possession of the Note, which Note is secured by the Mortgage, and the Note is either made payable to the Plaintiff or has been duly indorsed.

8. To the extent the Note and Mortgage referenced herein are defined as a high-cost home loan and/or a subprime home loan, as such terms are defined in section six-l and six-m of the Banking Law, respectively, Plaintiff has complied with all of the provisions of section five hundred ninety-five-a of the Banking Law and any rules and regulations promulgated thereunder, section six-l or six-m of the Banking Law, and section thirteen hundred four of the Real Property Actions and Proceedings Law.

NYSCEF DOC. NO. 1
INDEX NO. EFCA2023-000004
RECEIVED NYSCEF: 12/22/2022

Case 6:26-cv-00070-MAD-MJK    Document 2    Filed 01/14/26    Page 4 of 10

9. In compliance with RPAPL 1304, on January 26, 2022, more than 90 days ago, Plaintiff sent the Borrowers a pre-foreclosure notice.

10. Thereafter, Plaintiff filed the necessary step one pre-foreclosure information form with the New York State Banking Department. Said step one filing was done within three (3) business days of the date that Plaintiff sent the Borrowers the ninety (90) day pre-foreclosure notice pursuant to RPAPL 1306.

11. Plaintiff has complied with all conditions precedent contained in the Mortgage, if any, including but not limited to, sending a notice to cure default to the mortgagor as set forth in the Mortgage.

12. That the borrowers, CARMINE P. AMELIO, PAUL A. AMELIO AND, ALFONSO AMELIO have failed to comply with the terms, covenants and conditions of the Note and Mortgage by defaulting in the payment of:

> $570.94 for principal, interest, plus installments for taxes, etc., which became due on August 1, 2012 and on the first day of each month thereafter.

all of which are unpaid for upwards of thirty (30) days.

13. That by reason of such defaults, the Plaintiff, U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, does hereby elect to declare the balance of the principal indebtedness immediately due and payable.

14. That there is now due and owing to the Plaintiff, the principal sum of $94,500.00 with interest thereon from July 1, 2012 plus accumulated late charges together with any sums advanced by the Plaintiff on behalf of defendant.

15. That to protect its security afforded by said bond or Note and Mortgage, it may be necessary for the Plaintiff to pay taxes, assessments and water rates which are, or may become

liens on the Premises, and any other charges for the protection of the Premises, and Plaintiff hereby demands that any amounts which may be so expended shall be added to the amount of the principal sum secured by said Note and Mortgage, together with interest from the time of any such payment, and that the same be paid to the Plaintiff from the proceeds of the foreclosure sale herein.

16. Upon information and belief, two prior proceedings have been commenced regarding the subject loan under Index No. CA2009-2977 and Index No. EFCA2018-2156 in the Oneida County Supreme Court.

17. That the said Premises and title thereto are subject to the following:

a) The state of facts an accurate survey will show;

b) All covenants, restrictions, easements, agreements and reservations, if any, of record, and to any and all violations thereof;

c) Any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to, reapportionment of lot lines, and vault charges, if any;

d) Any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and any violation of the same;

e) The physical condition of any building or structure on the Premises as of the date of closing hereunder;

f) Rights of tenants in possession, if any;

g) Prior mortgages and judgments, if any, now liens of record;

h) Right of Redemption of United States of America, if any;

i) Rights of any defendants pursuant to CPLR Section 317, CPLR Section 2003 and CPLR Section 5015, if any;

j) Any and all Hazardous Materials in the Premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and

k) Other conditions as set forth in the terms of sale more particularly to be

announced at the sale.

18. That Plaintiff further alleges that all the defendants have, or may claim to have, some interest in, or lien upon the mortgaged Premises, or some part thereof, which interest or lien, if any, is subject and subordinate to the lien of the Mortgage being foreclosed.

19. That Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and any and all future defaults under the aforesaid Note and Mortgage, and occurring prior to the discontinuance of this action are fully paid.

20. The terms of said Mortgage provide that the Borrowers, CARMINE P. AMELIO, PAUL A. AMELIO and ALFONSO AMELIO, shall be liable to Plaintiff for reasonable attorney's fees incurred by Plaintiff to protect or enforce Plaintiff's security interest in the Premises.

WHEREFORE, Plaintiff demands judgment that the defendants and each of them, and all persons claiming under them, or any of them subsequent to the commencement of this action and the filing of the Notice of Pendency thereof, may be barred and foreclosed of all right, title, claim, lien and equity of redemption in the Premises; that said Premises may be decreed to be sold in one parcel according to law subject to the various items set forth in allegation numbered "18" herein; that the monies arising from the sale may be brought into court; that Plaintiff may be paid the amount due on the Note and Mortgage as alleged herein, together with interest to the time of such payment, together with the sums expended by Plaintiff prior to and during the pendency of this action, and for thirty days after any sale demanded herein for taxes, water rates, sewer rents, assessments, insurance premiums and other necessary and essential charges or expenses in

connection therewith to protect the Mortgage lien, plus any sums expended for the protection or preservation of the Premises covered by said Mortgage and Note, and the amount secured thereby, with interest thereon from the time of such payment and the costs and expenses of this action including reasonable attorney fees so far as the amount of such monies properly applicable thereto will pay the same; that the Plaintiff be decreed to be the owner of any and all personal property used in connection with the said Premises; SUBJECT TO RIGHT OF REDEMPTION OF THE UNITED STATES OF AMERICA; and that the defendants CARMINE P. AMELIO, PAUL A. AMELIO and ALFONSO AMELIO, may be adjudged to pay any deficiency which may remain after applying all of said monies so applicable thereto; and that Plaintiff have such other and further relief or both, in the Premises as shall be just and equitable.

Dated:  December 22, 2022
        Garden City, New York

                                        BERKMAN, HENOCH, PETERSON &
                                        PEDDY, P.C.
                                        Attorney for Plaintiff

                                        *Hillary Prada* (signature)
                                        Hillary Prada, Esq.
                                        100 Garden City Plaza, 3rd Floor
                                        Garden City, NY 11530
                                        (516) 222-6200

## VERIFICATION

Hillary Prada, an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that:

I am associated with the firm of BERKMAN, HENOCH, PETERSON & PEDDY, P.C. the attorneys of record for the Plaintiff in the within action.

I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

The grounds of my belief as to all matters not stated on my own knowledge are books and records in my possession, conversations with officers or employees of Plaintiff or its agents, and the public record.

The reason this verification is made by me and not by the Plaintiff is that Plaintiff's principal offices are located outside the county where our law offices are located.

Dated:    December 22, 2022
          Garden City, N.Y.

_Hillary Prada_
Hillary Prada, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONEIDA
-----------------------------------------------------------------------------X
U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,

**Plaintiff,**

-against-

CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC.;

"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

**Defendants.**

-----------------------------------------------------------------------------X

INDEX NO.:

SUMMONS

Plaintiff designates ONEIDA County as the place of trial situs of the real property

**Mortgage Property:** 4917 A/K/A 4915 CLINTON ROAD, WHITESBORO, NY 13492
**County:** ONEIDA
**Section:** 316.012
**Block:** 1
**Lot:** 49
**Mortgage Servicer:** RUSHMORE LOAN MANAGEMENT SERVICES LLC
**Mortgage Servicer Phone #:** 888-504-6700

To the above named Defendants

   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York) in the event the United States of America is made a party defendant, the time to answer for the said United States of America shall not expire until (60) days after service of the Summons; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

### NOTICE

### YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the

attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to the mortgage company will not stop the foreclosure action.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF, U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST AND FILING THE ANSWER WITH THE COURT.

Dated:  December 22, 2022
        Garden City, New York

                                        BERKMAN, HENOCH, PETERSON &
                                        PEDDY, P.C.
                                        Attorney for Plaintiff

                                        */s/ Hillary Prada*
                                        Hillary Prada, Esq.
                                        100 Garden City Plaza, 3rd Floor
                                        Garden City, NY 11530
                                        (516) 222-6200