
A New York Limited Liability Partnership

1325 Franklin Avenue, Suite 160, Garden City, NY 11530
T: (212) 471-5100 | F: (212) 471-5150
www.friedmanvartolo.com

January 29, 2026

*Via ECF*
Honorable Mae A. D'Agostino, U.S.D.J.
U.S. District Court, Northern District of New York

> RE: U.S. Bank, National Association, as Legal Title Trustee for Truman 2016 SC6 v. Carmine P. Amelio, *et al*.
> Case No.: 6:26-cv-70 (MAD/MJK)
> File No.: 231557

Dear Judge D'Agostino,

I am an attorney admitted to this Court. We are the attorneys for Plaintiff U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, ("Plaintiff"), in the above-referenced mortgage foreclosure action that is pending in the Supreme Court of the State of New York, Oneida County under Index No. EFCA2023-000004, from which Defendant CARMINE P. AMELIO, ALFONSO AMELIO and PAUL A. AMELIO ("Defendants"), have sought removal by a Notice of Removal, dated January 14, 2026.

We write to request that the Court remand this action back to the New York Supreme Court, Oneida County as Defendants' Notice of Removal was untimely and the District Court lacks subject matter jurisdiction. In the alternative, we request that the Court schedule a pre-motion conference for a motion to remand this action back to the New York Supreme Court, Oneida County.

    A. **Background**

On December 22, 2022, Plaintiff commenced this mortgage foreclosure action in New York Supreme Court, Oneida County, to foreclose on a Note executed by Defendant PAUL A. AMELIO, ("Borrower"), secured by a Mortgage executed by Borrower and Defendants CARMINE P. AMELIO and ALFONSO AMELIO, his brothers, (together, "Defendants"), for the real property known as 4917 a/k/a 4915 Clinton Road, Whitesboro, NY 13492 (hereinafter "Mortgaged Premises"). *See* Docket No. 1, p.2, ¶2. Defendants defaulted on the Note and Mortgage by failing to make the monthly installment payment due August 1, 2012. *See* Docket No. 1, p.4., ¶12.

Defendants failed to timely appear and on December 20, 2024, Plaintiff filed a motion for a default judgment and order of reference. Defendants did not oppose Plaintiff's motion. On February 13, 2025, the Court granted Plaintiff's motion and entered a default judgment and order

of reference. On September 17, 2025, Plaintiff filed a motion for a judgment of foreclosure and sale. Defendants did not oppose Plaintiff's motion. On October 16, 2025, the Court granted Plaintiff's motion and entered a judgment of foreclosure and sale. *See* Docket No. 1-1, pp.24-33.

Plaintiff scheduled a foreclosure sale for January 14, 2026. On December 31, 2025, Defendants filed a proposed Order to Show Cause, without any advance notice of presentment, which sought, *inter alia*, to vacate his default and stay the sale. On January 5, 2026, Plaintiff filed letter opposition to the application and, on January 8, 2026, the Oneida Supreme Court issued a Decree and Order denying his application because, inter alia, "Carmine Amelio's request to vacate his default pursuant to CPLR 5015(a)(4) is unsupported by admissible evidence." On January 9, 2026, Defendants also filed a Notice of Motion for similar relief, including emergency relief without proper notice, which was summarily denied with prejudice by the Oneida Supreme Court.

On January 14, 2026, the Mortgaged Premises was sold at the foreclosure sale to Plaintiff. That same day, Defendants filed the within Notice of Removal in New York Supreme Court, Oneida County.

### B. This Action Should be Remanded back to State Court as the Notice of Removal was Untimely and the District Court Lacks Subject Matter Jurisdiction

Plaintiff seeks to file a motion to remand this action back to state court as Defendant's Notice of Removal was untimely and the District Court lacks subject matter jurisdiction.

Pursuant to 28 USC § 1446(b), a notice of removal shall be filed within 30 days after receipt by the defendant of a copy of the initial pleading. The 30-day time period begins to run when the last defendant is served. *Pietrangelo v Alvas Corp.*, 686 F.3d 62 (2d Cir 2012). The 30-day time period is mandatory, and an untimely notice of removal requires the case be remanded. *Burr ex rel. Burr v Toyota Motor Credit Co.*, 478 F.Supp. 2d 432 (SDNY 2006).

Here, the last defendant was served on October 17, 2023. Defendants did not file their Notice of Removal until January 14, 2026, over twenty-seven (27) months after the last defendant was served. Accordingly, Defendants' Notice of Removal is untimely and this case must be remanded back to the New York State Supreme Court, Oneida County.

In addition to the fact that the Notice of Removal is untimely, the District Court also lacks subject matter jurisdiction. When the district court lacks subject matter jurisdiction, the case shall be remanded. 28 USC § 1447(c).

Defendants' Notice of Removal seeks removal pursuant to both 28 USC § 1441(a) and 28 USC § 1441(b). 28 USC § 1441(a) provides for removal where the district court has original jurisdiction. 28 USC § 1441(b) provides for removal on the basis of diversity jurisdiction.

For the District Court to have original jurisdiction, the action must arise under the Constitution, laws, or treaties of the United States. 28 USC § 1331. A defendant may not remove a case to federal court under 28 USC § 1331 unless the plaintiff's complaint establishes that the case arises under federal law. *Franchise Tax Bd. of State of Cal. v Constr. Laborers Vacation Tr.*

2

*for S. California*, 463 US 1, 103 S Ct 2841, 77 L Ed 2d 420 (1983). A foreclosure action is a state law claim and does not present a federal question. *MB Fin. Bank, N.A. v 56 Walker, LLC*, 11 CIV. 5538 JGK, 2011 WL 6338808 (SDNY Dec. 19, 2011). An action may not be removed to federal court based on an alleged defense or counterclaim. *Caterpillar Inc. v Williams*, 482 US 386, 107 S Ct 2425, 96 L Ed 2d 318 (1987); *Town of Southold v Go Green Sanitation, Inc.*, 949 F Supp 2d 365 (EDNY 2013). Furthermore, when an action is removable solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 USC 1446(b)(2)(A); *56 Walker,* 2011 WL 6338808.

Here, Plaintiff commenced this foreclosure action pursuant to state law and Plaintiff's foreclosure action does not arise under federal law. Defendant bases his section 1441(a) removal on his alleged defenses and counterclaims, which cannot be the basis for removal, and, therefore, the District Court lacks subject matter jurisdiction pursuant to section 1331. Furthermore, Defendants Mortgage Electronic Registration Systems, Inc. and Quicken Loans, Inc. have not consented to removal. Accordingly, this action must be remanded.

An action may not be removed to federal court under 28 USC § 1332(a) if any defendant is a citizen of the State in which the action is brought. 28 USC § 1441(b)(2). Defendant Alfonso Amelio is a citizen of New York. *See* Docket No. 7, p.11. Accordingly, the District Court lacks subject matter jurisdiction pursuant to section 1332(a) and this case must be remanded.

Accordingly, we request that the Court remand this action back to the New York Supreme Court, Oneida County. In the alternative, we request that the Court schedule a pre-motion conference for a motion to remand.

We thank the Court for Your Honor's time and consideration herein. Should you have any questions, please do not hesitate to contact the undersigned.

Respectfully submitted,

*/s/ Nicole Black*

Nicole Black, Esq.

Cc:
Carmine P. Amelio
32 Main Street
New Milford, CT 06776

Paul Amelio
37 Main Street #337
New Milford CT 06776

Alfonso Amelio
160 East 89th Street, Apt 4F
New York, NY 10128