# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK
### (UTICA DIVISION)

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>　　　　Plaintiff,<br><br>-against-<br><br>CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC.,<br><br>　　　　Defendants. | CASE NO.: 6:26-cv-0070 MAD/MJK<br>Trial By Jury Requested<br><br>Removed from:<br>Supreme Court of the State of New York, Oneida County<br>Index No: EFCA2023-000004<br><br><br>U.S. DISTRICT COURT – N.D. OF N.Y.<br>**FILED**<br>Mar 06 - 2026<br>John M. Domurad, Clerk |

**DEFENDANTS' SUPPLEMENTAL EMERGENCY MOTION TO ENFORCE REMOVAL STAY, DECLARE POST-REMOVAL FORECLOSURE SALE VOID, AND FOR TEMPORARY RESTRAINING ORDER TO PRESERVE FEDERAL JURISDICTION**

Defendants Carmine P. Amelio, Paul A. Amelio, and Alfonso Amelio respectfully move this Court pursuant to **28 U.S.C. §1446(d), Federal Rules of Civil Procedure 65 and 62, and the Court's inherent authority** for emergency relief enforcing the statutory removal stay, declaring void the foreclosure sale conducted after removal of this action, and issuing a Temporary Restraining Order preserving the status quo with respect to the property located at **4917/4915 Clinton Road, Whitesboro, New York**.

This motion is necessary because a foreclosure sale was conducted after this action had already been removed to federal court and while the case remained pending before this Court, despite actual notice of removal to the state court, plaintiff's counsel, and the appointed foreclosure referee.

MEMORANDUM OF LAW

I. INTRODUCTION

This motion concerns the basic jurisdictional rule governing federal removal.

Once a notice of removal is filed in federal court and notice is given to the state court and the parties, **jurisdiction transfers exclusively to the federal court and the state court "shall proceed no further unless and until the case is remanded."**
28 U.S.C. §1446(d).

Despite removal of this action and actual notice of removal to all participants in the state court proceeding, a foreclosure sale of Defendants' property was conducted while the case remained pending before this Court and before any remand order had been issued.

Because the state court had been divested of jurisdiction at the time of the sale, the foreclosure sale was conducted without authority and is void.

Defendants therefore respectfully request that the Court enforce the removal stay, declare the foreclosure sale void, and issue a temporary restraining order preserving the status quo pending resolution of federal jurisdiction.

II. FEDERAL PROCEDURAL HISTORY

On **January 14, 2026**, Defendants filed a **Notice of Removal** removing the foreclosure action pending in the Supreme Court of the State of New York, Oneida County, Index No. EFCA2023-000004.

The removed case is now pending in this Court as:

Case No. **6:26-cv-00070-MAD-MJK**.

The federal docket confirms:

• Notice of Removal filed January 14, 2026

• Jurisdiction invoked under **28 U.S.C. §1331**

• Case assigned to **U.S. District Judge Mae A. D'Agostino** and referred to **Magistrate Judge Mitchell J. Katz**.

On **January 22, 2026**, Defendants filed:

**"Defendants' Motion to Enforce Removal of Stay and to Declare Post-Removal State Court Actions Null and Void."**

That motion remains pending and unresolved.

On **February 10, 2026**, this Court issued a Text Order granting plaintiff leave to file a motion to remand and establishing the following briefing schedule:

• Plaintiff's motion to remand due March 6, 2026
• Defendants' opposition due March 27, 2026
• Plaintiff's reply due April 3, 2026.

Accordingly, the action has remained pending before this Court and federal jurisdiction has not been relinquished.

III. NOTICE OF REMOVAL PROVIDED BEFORE FORECLOSURE SALE

Immediately after filing the Notice of Removal, Defendants provided notice of removal pursuant to **28 U.S.C. §1446(d)**.

Defendants:

• filed the Notice of Removal in the state court action through **NYSCEF**,
• served notice on **plaintiff's counsel**,
• notified the **state court clerk**,
• notified the **assigned judge's chambers**, and
• directly notified the **appointed foreclosure referee, Armond J. Festine, Esq.**

On the morning of **January 14, 2026**, Defendant Carmine Amelio sent an email to the referee stating:

"Attached is a copy of the Notice of Removal and STAY of pending foreclosure sale scheduled today January 14, 2026 and ALL State Court Proceedings filed today January 14, 2026. Please confirm receipt and Stay of Foreclosure Sale."

Defendants possess documentary proof of these communications, including email records confirming that the referee, sent after Defendant Carmine spoke to him, plaintiff's counsel, and court personnel received notice of the removal and resulting stay prior to the scheduled foreclosure sale.

Thus, all relevant participants had both constructive and actual notice that the case had been removed to federal court and that state proceedings were stayed.

IV. PLAINTIFF CONTINUED STATE COURT ACTIVITY AFTER REMOVAL

Despite removal, plaintiff's counsel filed a **"Notice of Rejection"** in the state court purporting to reject the federal Notice of Removal as untimely.

Such filings have no legal effect.

The removal statute vests authority over removal exclusively in the federal court. Opposing counsel has no authority to invalidate a removal by unilateral filing in state court.

The determination of whether removal is proper rests solely with the federal court.

V. FORECLOSURE SALE CONDUCTED AFTER REMOVAL

Defendants just discovered that the subject property located at:

4917 / 4915 Clinton Road
Whitesboro, New York

was sold at a foreclosure sale conducted by the appointed referee.

The Referee's Report of Sale indicates that the property was sold to the plaintiff as the highest bidder for **$1,000**.

The foreclosure sale occurred **after removal of this action** and while the case remained pending before this Court.

At the time of the sale:

• federal jurisdiction had been invoked
• notice of removal had been provided to all participants
• Defendants' motion to enforce the removal stay was pending
• the Court had already issued a briefing schedule regarding remand.

Accordingly, the sale occurred while the state court lacked jurisdiction.

## VI. LEGAL STANDARD

Federal Rule of Civil Procedure **65** authorizes courts to issue temporary restraining orders to prevent irreparable harm and preserve the status quo pending resolution of the parties' rights.

Federal Rule of Civil Procedure **62** further empowers federal courts to issue orders preserving the status quo and protecting the effectiveness of the Court's jurisdiction and judgments.

Courts routinely grant temporary injunctive relief where necessary to prevent irreversible harm to property interests while jurisdictional issues are pending.

## VII. REMOVAL DIVESTED THE STATE COURT OF JURISDICTION

Under **28 U.S.C. §1446(d)**:

"The State court shall proceed no further unless and until the case is remanded."

The Supreme Court has repeatedly confirmed that once a notice of removal is filed, the state court loses jurisdiction.

Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, 140 S. Ct. 696 (2020).

This rule has long been established.

Steamship Co. v. Tugman, 106 U.S. 118 (1882).

The Second Circuit likewise recognizes that once removal occurs, jurisdiction transfers exclusively to the federal court and subsequent state court proceedings are void.

FDIC v. Four Star Holding Co., 178 F.3d 97 (2d Cir. 1999).

Because the foreclosure sale occurred after removal and while the case remained pending before this Court, the sale was conducted without jurisdiction and is void.

VIII. IRREPARABLE HARM

If the referee executes or records a referee's deed transferring title to the property, Defendants will suffer immediate and irreparable harm.

Courts consistently recognize that the loss of real property constitutes irreparable injury that cannot be adequately compensated by monetary damages.

Absent immediate relief, title to the property may be transferred before this Court determines whether federal jurisdiction exists.

IX. BALANCE OF EQUITIES

Preserving the status quo will not prejudice plaintiff.

Plaintiff's interests can be fully protected while the Court determines whether this case should remain in federal court.

By contrast, allowing title to transfer while jurisdiction is unresolved would cause permanent harm to Defendants.

The balance of equities therefore favors temporary injunctive relief.

## X. THE COURT HAS AUTHORITY TO PRESERVE ITS JURISDICTION

Federal courts possess inherent authority to protect their jurisdiction and prevent actions that would undermine the Court's ability to grant effective relief.

Under **Federal Rule of Civil Procedure 62** and the Court's inherent equitable powers, federal courts may issue orders preserving the status quo where necessary to protect the integrity of federal jurisdiction.

The Supreme Court recognized this authority in:

United States v. United Mine Workers, 330 U.S. 258 (1947).

Here, the foreclosure sale occurred while this case remained pending before this Court and while Defendants' motion to enforce the removal stay remains unresolved.

Allowing execution or recording of a referee's deed would irreversibly transfer title and frustrate the Court's ability to address the jurisdictional issues presented in this removed action.

Accordingly, the Court should exercise its authority to preserve its jurisdiction by declaring the foreclosure sale void and issuing a temporary restraining order preventing execution or recording of any referee's deed arising from the sale until the Court resolves the pending jurisdictional issues.

## XI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court:

1. Enforce the removal stay pursuant to **28 U.S.C. §1446(d)**;
2. Declare the foreclosure sale conducted after removal **void**;
3. Issue a **Temporary Restraining Order** prohibiting execution, delivery, transfer, or recording of any referee's deed arising from the foreclosure sale of the property located at **4917 / 4915 Clinton Road, Whitesboro, New York**;
4. Preserve the status quo pending determination of plaintiff's motion to remand; and

5. Grant such other and further relief as the Court deems just and proper.

Dated: March 6, 2026          Respectfully submitted,
      New Milford, CT

_____
Carmine Amelio, *Defendant Pro Se*

_____
Alfonso Amelio, *Defendant Pro Se*

_____
Paul Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com

# DECLARATION OF CARMINE P. AMELIO

I, Carmine P. Amelio, declare under penalty of perjury pursuant to **28 U.S.C. §1746** that the following is true and correct:

1. I am a Defendant in this action and submit this declaration on behalf of myself and co-defendants Paul A. Amelio and Alfonso Amelio.
2. On January 14, 2026, Defendants filed a Notice of Removal in this Court removing the foreclosure action pending in Oneida County Supreme Court.
3. On the same day, Defendants filed notice of removal in the state court action through NYSCEF and served notice upon plaintiff's counsel.
4. On January 14, 2026, I spoke to and emailed the appointed foreclosure referee, Armond J. Festine, Esq., advising him that the action had been removed to federal court and that the scheduled foreclosure sale was stayed.

5. I also communicated the removal to the state court clerk, the judge's chambers, and plaintiff's counsel.
6. Defendants possess documentary proof of these communications, including email correspondence and filing confirmations.
7. Despite this notice, the foreclosure sale of the property located at 4917 / 4915 Clinton Road, Whitesboro, New York was conducted.
8. At the time of the sale, this case remained pending before this Court and no order of remand had been issued.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 6, 2026

Dated: New Milford, CT                Respectfully submitted,

*[signature]*

Carmine Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK
# (UTICA DIVISION)

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>    Plaintiff,<br><br>-against-<br><br>CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC.,<br><br>    Defendants. | CASE NO.: 6:26-cv-0070 MAD/MJK<br>Trial By Jury Requested<br><br>Removed from:<br>Supreme Court of the State of New York, Oneida County<br>Index No: EFCA2023-000004 |

## PROPOSED ORDER

Upon consideration of Defendants' Supplemental Emergency Motion to Enforce Removal Stay, Declare Post-Removal Foreclosure Sale Void, and for Temporary Restraining Order, it is hereby:

ORDERED that the foreclosure sale conducted after removal of this action is declared **VOID**; and it is further

ORDERED that plaintiff, its counsel, the foreclosure referee, and any persons acting in concert with them are **temporarily restrained from executing, delivering, transferring, or recording any referee's deed** arising from the foreclosure sale of the property located at 4917 / 4915 Clinton Road, Whitesboro, New York pending further order of this Court; and it is further

ORDERED that the **status quo shall be preserved** pending this Court's determination of federal jurisdiction in this action.

SO ORDERED.

DATED: _____


HON. MAE A. D'AGOSTINO
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK
### (UTICA DIVISION)

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>    Plaintiff,<br><br>-against-<br><br>CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC.,<br><br>    Defendants. | CASE NO.: 6:26-cv-0070 MAD/MJK<br>Trial By Jury Requested<br><br>Removed from:<br>Supreme Court of the State of New York, Oneida County<br>Index No: EFCA2023-000004 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served upon the following parties or counsel via electronic and/or US Mail on this 6th day of March, 2026:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Franklin Chiu, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530


Dated: March 6, 2026
      New Milford, CT

Respectfully submitted,

*[signature]*

Carmine Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com