**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**U.S. BANK, NATIONAL ASSOCIATION,**
_as Legal Title Trustee for Truman 2016 SC6 Title Trust_,

                              **Plaintiff,**

        **vs.**                                                          **6:26-CV-70**
                                                                          **(MAD/MJK)**

**CARMINE P. AMELIO, PAUL A. AMELIO,**
**ALFONSO AMELIO, MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC.,**
**QUICKEN LOANS, INC., and**
**JOHN DOE #1 through JOHN DOE #12,**

                              **Defendants.**

_____

**APPEARANCES:**                                      **OF COUNSEL:**

**FRIEDMAN VARTOLO**                            **NICOLE M. BLACK, ESQ.**
85 Broad Street, Suite 501
New York, New York 10004
Attorney for Plaintiff

**FRIEDMAN VARTOLO, LLP**                      **SEAN K. MONAHAN, ESQ.**
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
Attorney for Plaintiff

**CARMINE P. AMELIO**
New Milford, Connecticut
Defendant, _pro se_

**PAUL A. AMELIO**
New Milford, Connecticut
Defendant, _pro se_

**ALFONSO AMELIO**
New Milford, Connecticut
Defendant, _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

1

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

This matter stems from the removal of a state-court foreclosure judgment to federal court. *See* Dkt. Nos. 1, 2.  U.S. Bank, National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust ("Plaintiff") initiated the foreclosure action in New York State Supreme Court, Oneida County, on December 22, 2022.  *See* Dkt. No. 2.  On January 14, 2026, Carmine P. Amelio, Paul A. Amelio, and Alfonso Amelio ("Amelio Defendants"),[1] proceeding *pro se*, filed a notice of removal in this Court based on federal question and diversity jurisdiction.  *See* Dkt. No. 1 at 1. That filing also includes what the Court construes as counterclaims arising under federal statutes and the United States Constitution.  *See id.* at 3-4.  Before this Court took any action, Amelio Defendants filed a "motion to enforce removal stay and to declare post-removal state court actions null and void."  Dkt. No. 7.  Amelio Defendants argue in that motion that Plaintiff's counsel violated federal law by filing a notice in state court rejecting the removal.  *See id.* at 2.  Amelio Defendants' motion asks the Court to void that filing, enforce a stay on state-court proceedings, and sanction Plaintiff.  *See id.* at 2-3.  Magistrate Judge Mitchell J. Katz denied the motion with prejudice on March 17, 2026.  *See* Dkt. No. 25 at 18, 21.

On January 14, 2026, the date Amelio Defendants filed their notice of removal, Amelio Defendants' mortgaged property was sold to Plaintiff at a foreclosure sale.  *See* Dkt. No. 18-1 at ¶ 12; Dkt. No. 18-9.  On March 6, 2026, Plaintiff filed a motion to remand the case to state court. *See* Dkt. No. 18.  Records submitted with Plaintiff's motion indicate that the state court entered a judgment of foreclosure and sale against Amelio Defendants in October 2025, which they did not

---

[1] No appearances have been made for Defendants Mortgage Electronic Registration Systems, Inc., Quicken Loans, Inc., or John Doe #1 through John Doe #12.

oppose or appeal. *See* Dkt. No. 18-1 at ¶ 8; Dkt. No. 18-5; Dkt. No. 18-7 at 2. The appeal deadline has expired. *See* Dkt. No. 18-1 at ¶ 8; Dkt. No. 18-7 at 2. According to Plaintiff, remand is necessary for three main reasons: (1) the judgment of foreclosure and sale makes removal improper; (2) the removal was untimely; and (3) this Court lacks subject matter jurisdiction. *See* Dkt. No. 18-10.

Instead of responding to the motion, Amelio Defendants filed an "emergency supplemental motion" on March 6, 2026. *See* Dkt. No. 19. According to Amelio Defendants, "[t]his motion is necessary because a foreclosure sale was conducted after this action had already been removed to federal court and while the case remained pending before this Court[.]" *Id.* at 1. The emergency motion asks the Court to enforce the purported removal, declare the foreclosure sale void, and enter a temporary restraining order ("TRO") preserving the status quo and "prohibiting execution, delivery, transfer, or recording of any referee's deed arising from the foreclosure sale" of the mortgaged property. *Id.* at 7. The Court set a deadline for Plaintiff to respond and ordered Plaintiff to maintain the status quo as to the property's title. *See* Dkt. No. 20. After Plaintiff responded by reiterating its argument that this Court lacks jurisdiction, *see* Dkt. No. 22, the Court referred the matter to Magistrate Judge Katz on March 10, 2026, for a report-recommendation, *see* Dkt. No. 24.

Magistrate Judge Katz issued an Order and Report-Recommendation on March 17, 2026. *See* Dkt. No. 25. He recommended dismissing the notice of removal (Dkt. No. 1) with prejudice for untimeliness and lack of federal subject matter jurisdiction. *See id.* at 6-15, 20. He also recommended denying the emergency supplemental motion (Dkt. No. 19) with prejudice and denying Plaintiff's motion to remand (Dkt. No. 18) as moot. *See id.* at 18-20. Finally, Magistrate Judge Katz recommended enjoining Amelio Defendants from filing further removal notices or

motions associated with this foreclosure action and sanctioning Amelio Defendants jointly and severally in the amount of $2,500.  *See id.* at 15-17, 20.

Amelio Defendants requested extra time to object to the Order and Report-Recommendation, *see* Dkt. Nos. 26, 28, and the Court extended the deadline by four weeks, *see* Dkt. Nos. 27, 29.  Amelio Defendants filed their objections on May 1, 2026.  *See* Dkt. No. 30. They assert that Carmine Amelio is "the sole pro se representative for all three Defendants[.]"[2] *Id.* at 2.  They make eight objections: (1) Magistrate Judge Katz ignored the post-removal foreclosure sale; (2) there is no statutory authority for dismissal of the notice of removal with prejudice; (3) the foreclosure judgment does not bar removal because it is void; (4) Magistrate Judge Katz miscalculated the removal deadline and failed to account for defective service on Amelio Defendants at incorrect addresses; (5) Magistrate Judge Katz misapplied the *Rooker-Feldman* doctrine by failing to account for the counterclaims in Amelio Defendants' notice of removal; (6) federal question jurisdiction exists because Amelio Defendants' counterclaims arise under federal law; (7) Magistrate Judge Katz improperly denied Amelio Defendants' motion to enforce the removal with no substantive discussion; and (8) Magistrate Judge Katz's reasons for recommending sanctions are improper.  *See* Dkt. No. 30.  Plaintiff responded to the objections on May 15, 2026, arguing that the Court should adopt the Order and Report-Recommendation in its entirety.  *See* Dkt. No. 32.

---

[2] "The right to proceed *pro se* in civil actions is guaranteed by 28 U.S.C. § 1654.  It is well-established, however, that this right to proceed *pro se* does not encompass the right to proceed *pro se* on behalf of the interests of another." *In re Texaco Inc. Shareholder Derivative Litig.*, 123 F. Supp. 2d 169, 172 (S.D.N.Y. 2000) (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976)).  Defendant Carmine Amelio is, therefore, not permitted to represent the other *pro se* Defendants.

On May 4, 2026, Amelio Defendants filed a motion for recusal of Magistrate Judge Katz, which includes a request to hold the Order and Report-Recommendation in abeyance while the recusal motion is pending. *See* Dkt. No. 31. This Court, whom Amelio Defendants have not moved to recuse, declines to hold the Order and Report-Recommendation in abeyance.

For the reasons described below, the Order and Report-Recommendation is adopted as modified herein.

## II. DISCUSSION

### A.    Standard of Review

In reviewing an order and report-recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citations and internal quotation marks omitted). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Id.* at 359 (citations omitted). Objections reiterating arguments already made to the magistrate judge are proper if they are timely and specific. *See id.* at 360-61. On the specificity requirement, the Second Circuit has stated that "a party must object to the finding or recommendation on [an] issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* at 359 (citations and internal quotation marks omitted). When a party does not object, or do so properly, the court reviews the magistrate judge's recommendations for clear error. *See id.* at 359-60. Because Amelio Defendants filed timely and specific objections, the Court reviews the Order and Report-Recommendation *de novo*.

*Pro se* litigants' filings should "'be liberally construed'" and "'held to less stringent standards'" than attorney-drafted submissions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, this Court must construe Amelio Defendants' filings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

## B.    Removal to Federal Court

"A defendant may remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Syracuse v. Loomis Armored US, LLC*, No. 5:11-CV-744, 2011 WL 6318370, *2 (N.D.N.Y. Dec. 15, 2011) (quoting *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309-10 (2d Cir. 2005)); *see* 28 U.S.C. § 1441(a). A defendant must file a notice of removal within thirty days after receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or "service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). "[O]nce a case has been removed, it must be remanded '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Loomis Armored*, 2011 WL 6318370, at *2 (quoting *Shapiro*, 412 F.3d at 310); *see* 28 U.S.C. § 1447(c). The removing party "bears the burden of establishing that removal is proper." *Loomis Armored*, 2011 WL 6318370, at *2 (citing *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004)). "If there are any doubts as to removability, they are resolved against removability 'out of respect for the limited jurisdiction of the federal courts and the rights of the states.'" *Id.* (quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)).

### 1. Subject Matter Jurisdiction

A threshold question to proper removal is whether the district court has subject matter jurisdiction over the matter being removed. The Court agrees with Magistrate Judge Katz that it lacks subject matter jurisdiction.

### a. Federal Question Jurisdiction

Although the notice of removal claims that federal question and diversity jurisdiction are both present, *see* Dkt. No. 1 at 1, Amelio Defendants' objections discuss only federal question jurisdiction, *see* Dkt. No. 30 at 9-10. Amelio Defendants contend that federal question jurisdiction exists because they assert substantive counterclaims arising under federal law in their notice of removal.[3] *See id.*; Dkt. No. 1 at 3-4. It is firmly established that under the "well-pleaded complaint rule," federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim[.]" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 & n.2 (2002). Thus, Amelio Defendants' sixth objection is overruled, and the Court agrees with Magistrate Judge Katz that Amelio Defendants have not established federal question jurisdiction to support removal.

### b. Diversity Jurisdiction and the Forum Defendant Rule

Removal jurisdiction based on diversity of citizenship is also unavailable due to the forum defendant rule. Under that rule, if diversity jurisdiction is the only possible basis for removal and any defendant is a citizen of the state in which the action is brought, the action is generally not removable. *See* 28 U.S.C. § 1441(b)(2); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). However, the Second Circuit has recognized that if a home-state defendant has not yet been

---

[3] The state-court complaint does not invoke federal law, and Amelio Defendants have not shown any reason why the state-court complaint would support federal question jurisdiction. Plaintiff makes this point in response to Amelio Defendants' sixth objection. *See* Dkt. No. 32 at 7-8.

properly joined and served, removal may be allowed.  *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-05 (2d Cir. 2019).

Although all three Amelio Defendants presently have Connecticut mailing addresses on file with the Court, their notice of removal explicitly states that "Defendants Carmine P. Amelio, Paul A. Amelio, and Alfonso Amelio are citizens of New York[.]"[4]  Dkt. No. 1 at 2.  This admission implicates the forum defendant rule.  Their objections do not contend otherwise.

However, in their fourth objection, Amelio Defendants argue for the first time that Plaintiff served them at the wrong addresses when commencing the foreclosure action.  *See* Dkt. No. 30 at 7.  This argument concerns the thirty-day time limit on removing a state-court action, rather than the propriety of removal by a home-state defendant, *see id.*, but is nevertheless relevant and undermines Amelio Defendants' position on removal.

Amelio Defendants argue that "Carmine Amelio's actual residence is 32 Main Street, New Milford, CT[,]" but "[h]e was never served there." *Id.* at 7.  An affidavit of service submitted with Plaintiff's remand motion shows the opposite.  *See* Dkt. No. 18-3 at 10-12 (indicating service on Carmine Amelio at 32 Main Street, New Milford, Connecticut, by affixing necessary documents to the door and mailing copies).  Amelio Defendants also claim Paul and Alfonso Amelio were improperly served at addresses in New York City and Middletown, New York, respectively, but do not identify addresses where service would have been proper.  *See* Dkt. No. 30 at 7.  Notwithstanding, affidavits of service submitted by Plaintiff show they were both served at the same Connecticut address and in the same manner as Carmine Amelio.  *See* Dkt. No. 18-3 at 3-5, 16-18.  Amelio Defendants do not contest whether that service was proper.

---

[4] The notice of removal states that "Plaintiff is not a New York citizen" and "[t]he amount in controversy exceeds $75,000[.]"  Dkt. No. 1 at 4.

Amelio Defendants fail to overcome the forum defendant rule.  Accordingly, the Court determines that Amelio Defendants have not properly removed the state-court action on the basis of diversity jurisdiction.

### 2. *Final Judgment and the* Rooker-Feldman *Doctrine*

Even if federal question or diversity jurisdiction were unquestionably present, the procedural posture of the state-court action precludes removal.  In a case procedurally similar to this one, the Eastern District of New York determined that it had no removal jurisdiction over a state-court judgment of foreclosure and sale.  *See Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 9-10 (E.D.N.Y. 2005).  The Eastern District regarded the judgment of foreclosure and sale as a final judgment.  *See id.* at 10.  Likewise, the court concluded that the *Rooker-Feldman* doctrine prevented it from exercising jurisdiction.  *See id.* at 9-10.  For the *Rooker-Feldman* doctrine to apply, four requirements must be met:

> (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.

*Al Haqq, LLC v. City of Schenectady*, No. 1:25-CV-644, 2026 WL 237589, *3 (N.D.N.Y. Jan. 29, 2026) (citations and internal quotation marks omitted); *see Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015).  In this case, all four requirements are met.  The state court rendered a judgment of foreclosure and sale that was unfavorable to Amelio Defendants, they complain of injuries supposedly caused by the state-court judgment, they invite this Court to review the state-court decision and declare it void, and the state-court judgment was rendered

9

before Amelio Defendants attempted to remove the action to federal court. *See* Dkt. Nos. 1, 18-5, 18-6, 18-9.

Amelio Defendants' fifth objection contends that their federal counterclaims overcome application of the *Rooker-Feldman* doctrine, their first objection contends that Magistrate Judge Katz simply ignored the foreclosure sale, and their third objection argues that the judgment of foreclosure and sale is void and cannot bar this action. *See* Dkt. No. 30 at 4-9. However, as Plaintiff points out in its response, those objections do not defeat the fact that Amelio Defendants are impermissibly trying to treat this Court as an appellate court. *See* Dkt. No. 32 at 1-3 (discussing the absence of federal jurisdiction), 4-5 (discussing the final judgment of foreclosure in state court), 6-7 (arguing that Magistrate Judge Katz properly applied the *Rooker-Feldman* doctrine). Amelio Defendants could have appealed the state-court decision in the New York State Supreme Court, Appellate Division, before the time to appeal expired. *See Swiatkoski*, 395 F. Supp. 2d at 10. This Court is not the proper forum to appeal a state-court judgment, and jurisdiction is therefore also absent on this ground.

### 3. Untimeliness

Finally, notwithstanding the jurisdictional defects, the Court agrees with Magistrate Judge Katz that Amelio Defendants' notice of removal was untimely. "[A] party sued in state court who prefers to proceed in federal court generally has 30 days after receiving notice of the state-court action to remove the lawsuit to federal court (if there are grounds for doing so)." *Enbridge Energy, LP v. Nessel ex rel. Michigan*, 608 U.S. ---, 146 S. Ct. 1074, 1079 (2026) (citing 28 U.S.C. § 1446(b)(1)). In their fourth objection, Amelio Defendants assert both that service was defective and that "[t]he earliest service could have been complete was July 7, 2024, making the 30-day removal deadline August 6, 2024 – not July 26, 2024 as [Magistrate Judge Katz]

concluded." Dkt. No. 30 at 7. They also argue for the first time that Plaintiff never served them with a pre-foreclosure notice required under New York's Real Property Actions and Proceedings Law. *See id.* at 8. In opposition, Plaintiff contends that the state court already decided the issue of proper service, and Magistrate Judge Katz correctly found the removal untimely. *See* Dkt. No. 32 at 5.

As discussed already, affidavits of service uncontested by Amelio Defendants indicate delivery and mailing on October 17, 2023, October 18, 2023, June 22, 2024, and June 26, 2024. *See* Dkt. No. 18-3 at 3-5, 10-12, 16-18. Under the method of service used, proof of service needed to be filed in state court within twenty days of mailing the papers or affixing them to Amelio Defendants' door, whichever occurred later. *See* N.Y. C.P.L.R. § 308(4). Service would have been deemed complete ten days after proof of service was filed. *See id.* Even under Amelio Defendants' proposed removal deadline, however, the notice of removal was filed more than a year too late, on January 14, 2026. *See* Dkt. No. 1.

Although Amelio Defendants argue that the foreclosure action was "void from commencement" because Plaintiff purportedly failed to serve the required foreclosure notice, Dkt. No. 30 at 8, Amelio Defendants missed their opportunities to oppose and appeal the foreclosure judgment in state court, *see* Dkt. No. 18-1 at ¶ 8; Dkt. No. 18-5; Dkt. No. 18-7 at 2. As the Court has already emphasized, federal district court is not the proper forum to appeal the propriety of service-related issues or the state-court judgment of foreclosure and sale.

Nothing in the record shows that Amelio Defendants filed a notice of removal within the thirty-day timeframe. Accordingly, even if Amelio Defendants had established removal jurisdiction, the notice of removal would fail for untimeliness.

## C.    Disposition of the Notice of Removal

11

Magistrate Judge Katz recommended dismissing the notice of removal with prejudice because Amelio Defendants have not established removal jurisdiction. *See* Dkt. No. 25 at 15, 20. Amelio Defendants' second objection argues that this recommendation "exceeds statutory authority[.]" Dkt. No. 30 at 5. Amelio Defendants claim the applicable statute authorizes only remand, not dismissal. *See id.* at 5-6. Although Plaintiff originally moved to remand the matter to state court, *see* Dkt. No. 18, it now takes the position that "dismissal with prejudice is appropriate" and urges the Court to adopt Magistrate Judge Katz's recommendation. Dkt. No. 32 at 4.

Amelio Defendants correctly point out that under 28 U.S.C. § 1447(c), "[i]f at any time *before final judgment* it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added); *see* Dkt. No. 30 at 5. The present situation does not fit squarely within the statute, however, because Amelio Defendants seek to remove a matter that has already ended in a final judgment.

Courts in this circuit are split on whether to remand or dismiss when faced with removal of a state-court final judgment. *Compare Swiatkoski*, 395 F. Supp. 2d at 10 (remanding an improperly removed state-court final judgment and pointing out the availability of appellate review through the New York court system), *and Deutsche Bank Nat'l Tr. Co. as Tr. for Morgan Stanley Mortg. Loan Tr. 2005-10 v. Reddy*, No. 3:23-CV-979, 2023 WL 8253767, *3 & n.3 (D. Conn. Nov. 29, 2023) (remanding instead of dismissing an improperly removed state-court final judgment because of "concern[] that outright dismissal would prejudice [the defendant], who [was] acting *pro se* to litigate various post-judgment issues, and who may not have predicted that his attempt to remove the case would result in dismissal"), *with Williams v. Audubon TP4 LLC*, No. 23-CV-8758, 2023 WL 8528552, *5-7 (S.D.N.Y. Dec. 5, 2023) ("The Court need not remand

12

this improperly removed action, which may have already been adjudicated in the state court"). Here, remanding would place a resolved, non-appealable matter back into New York's court system and undermine judicial economy. The New York State Supreme Court, Oneida County, already recognized that its "judgment is final" and that Amelio Defendants' time to appeal the judgment of foreclosure and sale has expired. Dkt. No. 18-7 at 2.

Accordingly, the Court agrees with Magistrate Judge Katz that, in this instance, dismissal of the notice of removal is warranted.

## D.      Disposition of Plaintiff's Remand Motion

As described above, the Court lacks jurisdiction over the removed state-court final judgment and dismisses the notice of removal. Thus, for the reasons already discussed, the Court denies Plaintiff's motion to remand as moot. *See U.S. Bank Nat'l Ass'n v. O'Hara*, No. 24-CV-8459, 2025 WL 358419, *1 (S.D.N.Y. Jan. 31, 2025) (dismissing an improper notice of removal and denying as moot a motion to remand).

## E.      Disposition of Plaintiff's Motion for Costs and Attorneys' Fees

In its remand motion, Plaintiff also moves for "costs and attorneys fees for Defendants' improper removal." Dkt. No. 8-10 at 5. Specifically, Plaintiff references a case that Amelio Defendants have removed three times from state court to the Southern District of New York ("*Tiki Series*").[5] *See id.* at 6. According to Plaintiff, Amelio Defendants' actions in *Tiki Series* "are a preview of what will occur in this action." *Id.*

---

[5] As of this writing, the *Tiki Series* case numbers in the Southern District are 7:24-CV-5615 (notice of removal filed July 22, 2024, and remand order issued August 22, 2024), 1:25-CV-10022 (notice of removal filed December 2, 2025, and remand order issued December 5, 2025), and 7:25-CV-10739 (notice of removal filed December 23, 2025).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "An award of costs and fees is within the trial court's discretion and requires the application of a test of 'overall fairness given the nature of the case, the circumstances of remand and the effect on the parties.'" *Ins. Co. of State of Pa. v. Waterfield*, 371 F. Supp. 2d 146, 151 (D. Conn. 2005) (quoting *Morgan Guar. Tr. Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992)) (other citation omitted). "[C]ourts generally decline to award costs and fees against *pro se* defendants under Section 1447(c)[,]" *O'Hara*, 2025 WL 358419, at *2 (citations omitted), but not always, *see Waterfield*, 371 F. Supp. 2d at 151 (citing *Shamoun v. Peerless Imps., Inc.*, No. 03-CV-1227, 2003 WL 21781954, *4 (E.D.N.Y. Aug. 1, 2003)) ("The notice of removal complicated and delayed what is otherwise a simple state law breach of contract case, to the prejudice of the [p]laintiff, and thus attorney's fees are warranted").

Here, the Court is dismissing the notice of removal instead of remanding the matter. Also, although Amelio Defendants filed a frivolous notice of removal and have done so in other courts, Plaintiff does not claim or demonstrate significant expenditure of time, resources, or money to litigate the instant removal attempt. Plaintiff also does not claim it was prejudiced by any delay due to the removal. Accordingly, the Court declines to award costs and fees at this time, and Plaintiff's motion is denied.

## F.     Disposition of Amelio Defendants' Motions

As for Amelio Defendants' "motion to enforce removal stay and to declare post-removal state court actions null and void" and emergency supplemental motion, Magistrate Judge Katz characterized both as "nothing more than an end-around . . . to obtain the same relief they sought to obtain through their Notice of Removal." Dkt. No. 25 at 18. Magistrate Judge Katz denied the

motion to enforce the removal stay with prejudice, and recommended the same outcome for the emergency motion. *See id.* at 18, 20-21. Amelio Defendants' seventh objection asserts that Magistrate Judge Katz wrongly denied the motion to enforce the removal stay without engaging in substantive analysis. *See* Dkt. No. 30 at 10. Plaintiff argues that Magistrate Judge Katz sufficiently analyzed the motion by discussing the absence of federal jurisdiction. *See* Dkt. No. 32 at 1-2, 8.

The Court agrees with Plaintiff. The Order and Report-Recommendation recites the relevant factual and procedural background and addresses critical threshold issues concerning whether this Court has jurisdiction over the matter. *See* Dkt. No. 25 at 2-15. Amelio Defendants' enforcement motion asks the Court to keep the matter in federal court and void actions of the state court, *see* Dkt. No. 7 at 1-3, which, as Magistrate Judge Katz explained in detail, fall outside the jurisdiction of this Court, *see* Dkt. No. 25 at 6-15, 18-19. The emergency motion, in substance, reiterates those requests for relief. *See* Dkt. No. 19 at 1, 7-8; Dkt. No. 25 at 18. Through the *de novo* analysis above, the Court agrees with Magistrate Judge Katz's conclusion that a lack of federal removal jurisdiction necessitates denial of both motions.

Accordingly, the Court holds that Magistrate Judge Katz's denial of the enforcement motion was proper, and Amelio Defendants' emergency motion is denied.

**G.     Sanctions and Filing Injunction Against Amelio Defendants**

Magistrate Judge Katz recommended that this Court sanction Amelio Defendants in the amount of $2,500 and enjoin them "from filing any additional removal notices or motions in this Court associated with or related to the Oneida County Supreme Court foreclosure action[.]" Dkt. No. 25 at 15-17, 19. Although Plaintiff mentions a motion for sanctions in its response to Amelio

Defendants' objections, *see* Dkt. No. 32 at 9, the docket does not contain an independent entry of such motion.

"[A] party must make its motion for sanctions separate from other motions or requests[.]" *Toliver v. Fischer*, No. 9:12-CV-77, 2014 WL 411569, *7 (N.D.N.Y. Feb. 3, 2014). The moving party must describe the offending conduct, provide notice to the opposing party, "and serve the motion at least twenty-one days prior to filing the motion with the court." *Id.* (citing FED. R. CIV. P. 11(c)(2)) (other citations omitted). A party may avoid sanctions by withdrawing the offending filing during the twenty-one-day period. *See id.* However, because Plaintiff has not filed an independent motion for sanctions or shown that Amelio Defendants received a twenty-one-day safe harbor period, the Court instead considers imposing sanctions *sua sponte* under Federal Rule of Civil Procedure 11. *See Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (citing FED. R. CIV. P. 11(c)(3)) ("Rule 11 . . . gives the court the power to initiate sanctions proceedings *sua sponte*"). The twenty-one-day safe harbor period does not apply to *sua sponte* sanctions. *See id.*

In recommending sanctions, Magistrate Judge Katz referred to *Tiki Series* and reasoned that "Amelio Defendants' previous actions before the Southern District of New York deny them the 'benefit of the doubt' which would ordinarily be afforded to *pro se* litigants." Dkt. No. 25 at 17. Plaintiff supports that recommendation, citing Amelio Defendants' conduct in more than half a dozen Southern District cases and calling them "the definition of vexatious litigants." Dkt. No. 32 at 8-10.

Amelio Defendant's eighth objection argues that Magistrate Judge Katz's sanctions recommendation fails for four reasons: (1) *Tiki Series* is a distinct case that is still "under active challenge" in the Southern District; (2) Magistrate Judge Katz's sanctions recommendation is part

of a "cascad[e]" of "adverse findings" after two judges in the Southern District remanded Amelio

Defendants' attempted removals in *Tiki Series*; (3) the law firm representing Plaintiff "has

systematically imported adverse findings from each proceeding into the next to build a record of

frivolousness that did not exist independently"; and (4) "[i]mposing $2,500 in sanctions against an

indigent pro se litigant who raised colorable constitutional and statutory arguments serves no

legitimate deterrent purpose." Dkt. No. 30 at 11-12. Amelio Defendants also object to the

suggestion of a filing injunction, calling it "an extraordinary remedy" that Magistrate Judge Katz

recommended without engaging in any analysis. *Id.* at 12.

### 1. Rule 11 Sanctions

To initiate sanctions proceedings *sua sponte*, the Court must provide Amelio Defendants

with "notice and a reasonable opportunity to respond[.]" FED. R. CIV. P. 11(c)(1); *see Castro v.

Mitchell*, 727 F. Supp. 2d 302, 309 (S.D.N.Y. 2010) (citations omitted). One way to accomplish

this is to order Amelio Defendants to show cause as to why their conduct has not violated Rule

11(b). *See* FED. R. CIV. P. 11(c)(3), (c)(5)(B). Rule 11(b) states:

> (b) Representations to the Court. By presenting to the court a
> pleading, written motion, or other paper—whether by signing,
> filing, submitting, or later advocating it—an attorney or
> unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such
> as to harass, cause unnecessary delay, or needlessly increase the
> cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are
> warranted by existing law or by a nonfrivolous argument for
> extending, modifying, or reversing existing law or for establishing
> new law;

17

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Id.* at 11(b).

Amelio Defendants may be subject to Rule 11 sanctions for filing a baseless notice of removal and motions rehashing the same arguments, especially in light of similar conduct before other courts. In *Tiki Series*, Amelio Defendants filed an improper notice of removal on July 22, 2024, Judge Seibel remanded the case, and Amelio Defendants filed a motion challenging the remand. *See U.S. Bank Tr. Nat'l Ass'n, as Tr. of Tiki Series V Trust v. Amelio* ("*Tiki Series I*"), No. 7:24-CV-5615 (S.D.N.Y. July 22, 2024), Dkt. No. 1; *Tiki Series I*, No. 7:24-CV-5615 (S.D.N.Y. Aug. 22, 2024), Dkt. No. 12 ("It appears that Defendant Carmine Amelio wishes to obtain reversal of the state court judgment of foreclosure and sale. He should do so through an appeal within the state court system"); *Tiki Series I*, No. 7:24-CV-5615 (S.D.N.Y. Sept. 23, 2024), Dkt. No. 13.

After Judge Seibel terminated the reconsideration motion, *see Tiki Series I*, No. 7:24-CV-5615 (S.D.N.Y. Sept. 30, 2024), Dkt. No. 14, Amelio Defendants filed a new notice of removal and an emergency motion for a TRO on December 2, 2025, *U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series V Tr. v. Amelio* ("*Tiki Series II*"), No. 1:25-CV-10022 (S.D.N.Y. Dec. 2, 2025), Dkt. No. 1; *Tiki Series II*, No. 1:25-CV-10022 (S.D.N.Y. Dec. 2, 2025), Dkt. No. 2. Judge Ramos promptly remanded the case for lack of jurisdiction, *see* Order, *Tiki Series II*, No. 1:25-CV-10022 (S.D.N.Y. Dec. 5, 2025), Dkt. No. 4, and terminated the TRO motion, *see Tiki Series II*, No. 1:25-CV-10022 (S.D.N.Y. Dec. 8, 2025), Dkt. No. 5. Amelio Defendants moved to vacate Judge

18

Ramos's remand order, *see Tiki Series II*, No. 1:25-CV-10022 (S.D.N.Y. Dec. 23, 2025), Dkt. No. 7, and while that motion was pending, moved to recuse Judge Ramos, *see Tiki Series II*, No. 1:25-CV-10022 (S.D.N.Y. Jan. 8, 2026), Dkt. No. 11. Amelio Defendants "renewed" their recusal motion on May 1, 2026, the same day they filed their objections to Magistrate Judge Katz's Order and Report-Recommendation in this case. *See Tiki Series II*, No. 1:25-CV-10022 (S.D.N.Y. May 1, 2026), Dkt. No. 33.

The same day they filed their motion to vacate Judge Ramos's remand order in *Tiki Series II*, Amelio Defendants attempted a third removal in the Southern District. *See U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series V Tr. v. Amelio* ("*Tiki Series III*"), No. 7:25-CV-10739 (S.D.N.Y. Dec. 23, 2025), Dkt. No. 1. Approximately two weeks later, and before Judge Karas had taken any action, Amelio Defendants filed an emergency motion for a TRO and a preliminary injunction. *See Tiki Series III*, No. 7:25-CV-10739 (S.D.N.Y. Jan. 7, 2026), Dkt. No. 4. A motion to remand is pending on that docket. *See Tiki Series III*, No. 7:25-CV-10739 (S.D.N.Y. Jan. 21, 2026), Dkt. No. 8.

In a separate case predating *Tiki Series*, Magistrate Judge Lehrburger discussed the Southern District's frustration with Amelio Defendants' conduct:

> [Amelio Defendants] are no strangers to the courts and the necessity of complying with court rules, having filed numerous actions in federal and state courts. Carmine Amelio in particular has unnecessarily clogged the courts and court dockets with frivolous motions and actions. One court described Carmine Amelio as having "demonstrated a history of vexatious, harassing, and duplicative lawsuits," *Amelio v. Piazza*, No. 19-CV-5944, 2020 WL 5535241, at *4 (S.D.N.Y. Sept. 15, 2020), while another court described him as "a vexatious litigant" who has "purposely filed frivolous and vexatious motions and pleadings." *Id.* at *2 (quoting Bankruptcy Court, which imposed a filing injunction on Amelio because of his vexatious conduct). *See also Amelio v. Morris*, 19-CV-8696, 2019 WL 5294931, at *3 (S.D.N.Y. Oct. 18, 2019)

19

> (warning Carmine Amelio that he will be subject to a filing injunction for engaging in "further duplicative or frivolous litigation").  The Court has little sympathy for time lost to [Amelio Defendants'] own vexatious and duplicative legal proceedings.

*Amelio v. Houri*, No. 1:22-CV-975, 2024 WL 2279198, *5 n.10 (S.D.N.Y. Apr. 4, 2024), *R. & R. adopted*, 2024 WL 4182635 (S.D.N.Y. Sept. 13, 2024).

Accordingly, Amelio Defendants are ordered to show cause as to why they should not be sanctioned for filing a frivolous notice of removal and duplicative motions before this Court. They must specifically address their history of frivolous and vexatious filings in other courts and explain how continuing that conduct in this action does not violate Rule 11.

### 2. *Filing Injunction*

The Court refers this matter to Chief Judge Brenda K. Sannes for a potential injunction on future filings related to the underlying state-court action.  *See Emrit v. Cherniavska*, No. 1:26-CV-34, 2026 WL 1004648, *3 & n.3 (N.D.N.Y. Apr. 14, 2026).

### III. CONCLUSION

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order and Report-Recommendation (Dkt. No. 25) is **ADOPTED as modified herein**;[6] and the Court further

**ORDERS** that Amelio Defendants' notice of removal (Dkt. No. 1) is **DISMISSED with prejudice**; and the Court further

---

[6] Magistrate Judge Katz recommended sanctioning Amelio Defendants, but instead of adopting that recommendation immediately, the Court orders Amelio Defendants to show cause as to why they should not be sanctioned.

20

**ORDERS** that Amelio Defendants' emergency supplemental motion (Dkt. No. 19) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to remand (Dkt. No. 18) is **DENIED as moot**; and the Court further

**ORDERS** that Plaintiff's motion for costs and attorneys' fees (Dkt. No. 18) is **DENIED**; and the Court further

**ORDERS** that Magistrate Judge Katz's denial of Amelio Defendants' motion to enforce removal stay and to declare post-removal state court actions null and void (Dkt. No. 7) remain undisturbed; and the Court further

**ORDERS** that this matter be referred to Chief Judge Brenda K. Sannes for consideration of an order limiting Amelio Defendants' ability to initiate further litigation in this District pursuant to 28 U.S.C. § 1651(a); and the Court further

**ORDERS** that the Court's Text Order requiring Plaintiff to maintain the status quo as to the foreclosed-upon property's title (Dkt. No. 20) is **DISSOLVED**; and the Court further

**ORDERS** Amelio Defendants to **SHOW CAUSE**, within **fourteen (14) days**[7] of the date of this Memorandum-Decision and Order, why they should not be sanctioned under Rule 11; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 22, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[7] Absent exceptional circumstances, no extensions will be permitted.