**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**U.S. BANK, NATIONAL ASSOCIATION,**
*as Legal Title Trustee for Truman 2016 SC6 Title Trust*,

                    **Plaintiff,**

    vs.                             **6:26-CV-70**
                                      **(MAD/MJK)**

**CARMINE P. AMELIO, PAUL A. AMELIO,**
**ALFONSO AMELIO, MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC.,**
**QUICKEN LOANS, INC., and**
**JOHN DOE #1 through JOHN DOE #12,**

                    **Defendants.**

---

**APPEARANCES:**                           **OF COUNSEL:**

**FRIEDMAN VARTOLO**           **NICOLE M. BLACK, ESQ.**
85 Broad Street, Suite 501
New York, New York 10004
Attorney for Plaintiff

**FRIEDMAN VARTOLO, LLP**       **SEAN K. MONAHAN, ESQ.**
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
Attorney for Plaintiff

**CARMINE P. AMELIO**
New Milford, Connecticut
Defendant, *pro se*

**PAUL A. AMELIO**
New Milford, Connecticut
Defendant, *pro se*

**ALFONSO AMELIO**
New Milford, Connecticut
Defendant, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

On May 22, 2026, this Court ordered Carmine Amelio, Paul A. Amelio, and Alfonso Amelio ("Amelio Defendants") to show cause why they should not be sanctioned for violating Federal Rule of Civil Procedure 11. *See* Dkt. No. 34 at 15-21. That Rule, *inter alia*, prohibits parties from filing documents "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" FED. R. CIV. P. 11(b)(1). It also states that an attorney or unrepresented party's signature on a court filing certifies, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]" that the legal assertions therein are nonfrivolous. *Id.* at 11(b)(2). If a party violates Rule 11, the court may impose sanctions *sua sponte* after giving the party "notice and a reasonable opportunity to respond[.]" *Id.* at 11(c)(1); *see Castro v. Mitchell*, 727 F. Supp. 2d 302, 309 (S.D.N.Y. 2010) (citations omitted).

As discussed in its Memorandum-Decision and Order dated May 22, 2026, this action arose from Amelio Defendants' frivolous removal of a state-court foreclosure action to federal court. *See* Dkt. Nos. 1, 34. At the time it issued the show cause order, the Court dismissed the notice of removal. *See* Dkt. No. 34 at 12-13. It also denied two motions made by Amelio Defendants, including one labeled as an emergency motion, which reiterated the same baseless arguments made throughout their filings. *See id.* at 14-15. The Court's earlier Memorandum-Decision and Order contains a detailed summary of those filings. *See* Dkt. No. 34. Amelio Defendants never responded to the show cause order.[1]

---

[1] The show cause order, as part of the Court's Memorandum-Decision and Order dated May 22, 2026, was sent to Amelio Defendants by regular and certified mail using their address on file. *See* Dkt. No. 34. On June 17, 2026, the certified mail was returned to the Court as undeliverable. *See* Dkt. Nos. 37-39. The regular mail was not returned. Past filings, including Magistrate Judge Mitchell Katz's Order and Report-Recommendation, were sent by regular mail only. *See* Dkt. No.

In general, "liability for Rule 11 violations 'requires only a showing of objective unreasonableness on the part of the [party] signing the papers.'" *ATSI Commc'ns, Inc. v. Shaar Fund*, 579 F.3d 143, 150 (2d Cir. 2009) (quoting *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997)). However, when a court considers Rule 11 sanctions *sua sponte* and the party "is no longer able to withdraw or amend" the challenged submission, the standard shifts to "a finding of subjective bad faith." *Castro*, 727 F. Supp. 2d at 309 (citing *In re Pennie & Edmonds LLP*, 323 F.3d 86, 91 (2d Cir. 2003)); *see ATSI Commc'ns*, 579 F.3d at 150-51. Despite their *pro se* status, Amelio Defendants must still abide by Rule 11. *See Braica v. Frankowski*, --- F. Supp. 3d ---, No. 3:24-CV-1709, 2025 WL 3644231, *3 (D. Conn. Dec. 15, 2025) (quoting *Ferguson v. Comm'r of Tax & Fin.*, 739 Fed. Appx. 19, 22 (2d Cir. 2018) (summary order)); *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989).

After examining the totality of the circumstances, the Court determines that Amelio Defendants acted with subjective bad faith by filing numerous vexatious submissions. As detailed in this Court's earlier Memorandum-Decision and Order, Amelio Defendants have a history of inundating court dockets with redundant and baseless filings. *See* Dkt. No. 34 at 17-20. For example, in the Southern District of New York, Amelio Defendants have repeatedly and unsuccessfully attempted to remove a state-court foreclosure action and filled those dockets with motions for reconsideration, emergency motions for injunctive relief, motions to vacate remand orders, and motions to recuse presiding judges. *See id.* at 18-19 (discussing Amelio Defendants' conduct in three separate removals of a foreclosure action in the Southern District of New York);

---

25; *see also* Dkt. Nos. 27, 29 (indicating transmission of text orders by regular mail). Amelio Defendants' objections to the Order and Report-Recommendation, *see* Dkt. No. 30, show they received it by regular mail. Because the show cause order sent via regular mail has not been returned as undeliverable, the Court is satisfied that Amelio Defendants received it.

*see also* Dkt. No. 31 (moving to recuse Magistrate Judge Mitchell Katz in the instant action). Separately, in 2019, Carmine Amelio was warned "that further duplicative or frivolous litigation" would subject him to a filing injunction in the Southern District. *Amelio v. Morris*, No. 19-CV-8696, 2019 WL 5294931, *3 (S.D.N.Y. Oct. 18, 2019).

Thus, by the time they removed their foreclosure action to this Court, Amelio Defendants had ample notice that their conduct was improper. They nevertheless chose to continue filing frivolous submissions. These filings consumed the Court's time and resources by adding duplicative items to the docket while decisions on other motions—namely, their adversary's remand motion—were still pending. The Court specifically ordered Amelio Defendants to "address their history of frivolous and vexatious filings in other courts and explain how continuing that conduct in this action does not violate Rule 11[,]" thereby giving them notice and an opportunity to be heard before imposing any sanctions. Dkt. No. 34 at 20. Amelio Defendants did not respond. The Court therefore finds that Amelio Defendants violated Rule 11 by continuing their pattern of vexatious filing and creating undue delay with intentionally duplicative submissions.

Accordingly, the Court hereby

**ORDERS** that Amelio Defendants are sanctioned, jointly and severally, in the amount of $1,500 for violating Rule 11; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 18, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge