**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
**(UTICA DIVISION)**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>      Plaintiff,<br><br>-against-<br><br>CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC.,<br><br>      Defendants. | CASE NO.: 6:26-cv-0070 MAD/MJK<br>Trial By Jury Requested |

**DEFENDANTS' NOTICE OF MOTION TO ALTER OR AMEND JUDGMENT**
**PURSUANT TO FED. R. CIV. P. 59(e)**

**PLEASE TAKE NOTICE** that Defendants Carmine P. Amelio, Paul A. Amelio, and Alfonso Amelio ("Defendants"), appearing pro se, hereby move this Court, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the Memorandum-Decision and Order entered May 22, 2026 (Dkt. No. 34, the "Order"), on the following grounds:

- Clear error of law in ordering dismissal with prejudice of Defendants' Notice of Removal, where 28 U.S.C. § 1447(c) mandates remand, not dismissal, upon a finding that subject matter jurisdiction is lacking;

- Clear error of law in failing to address whether the foreclosure sale conducted on January 14, 2026 — the same date on which Defendants' Notice of Removal was filed —

complied with the automatic stay of 28 U.S.C. § 1446(d), which provides that the state court "shall proceed no further" once removal is effected;

- Clear error of law and manifest injustice in adopting Magistrate Judge Katz's Order and Report-Recommendation (Dkt. No. 25) without first deciding Defendants' pending, fully-briefed Motion to Recuse Magistrate Judge Katz (Dkt. No. 31), filed May 4, 2026 — eighteen days before the Order issued;

- Manifest injustice in dissolving the Text Order (Dkt. No. 20) requiring Plaintiff to maintain the status quo as to title to the foreclosed-upon property, without notice to Defendants and without a hearing;

- Newly discovered procedural facts — namely, that the Order was never validly served on any Defendant, as conclusively established by the Court's own docket entries reflecting a postage meter failure (Dkt. No. 34, Clerk's Correction, entered May 26, 2026) and the subsequent return of all three certified mail envelopes as undeliverable (Dkt. Nos. 37, 38, 39, entered June 17, 2026) — facts that establish the Order's Rule 11 show cause directive was never served on Defendants and therefore never bound them.

**TIMELINESS:** This motion is filed within 28 days of entry of the Order as required by Fed. R. Civ. P. 59(e). The Order was entered May 22, 2026. The 28th day, June 19, 2026, was Juneteenth National Independence Day, a federal legal holiday. The following two days, June 20 and June 21, 2026, were a Saturday and Sunday, respectively. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), because the period would otherwise end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday — **Monday, June 22, 2026.** This motion is filed on June 22, 2026, and is therefore timely on its face.

This motion is supported by the accompanying Memorandum of Law, the Declaration of Carmine P. Amelio, and all prior papers and proceedings in this action, including without limitation Dkt. Nos. 25, 31, 34, 37, 38, and 39.

Dated:  June 22, 2026                    Respectfully submitted,
        New Milford, CT


_____
Carmine Amelio, *Defendant Pro Se*

_____
Alfonso Amelio, *Defendant Pro Se*

_____
Paul Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com