U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Jul 16 - 2026**

John M. Domurad, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
(UTICA DIVISION)**

|  |  |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>     Plaintiff,<br><br>-against-<br><br>CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC.,<br><br>     Defendants. | CASE NO.: 6:26-cv-0070 MAD/MJK<br>Trial By Jury Requested |

**DEFENDANTS' NOTICE OF MOTION TO ALTER OR AMEND JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e), TARGETING DKT. NOS. 40, 41, AND 42
(JUNE 18, 2026)**

**EXHIBITS**

Exhibit A — Declaration of Carmine P. Amelio

*Note: Dkt. Nos. 37, 38, 39, 40, 41, 42, and the Clerk's Correction at Dkt. No. 34 are all on the Court's CM/ECF docket and are incorporated herein by reference without separate attachment.*

**PLEASE TAKE NOTICE** that Defendants Carmine P. Amelio, Paul A. Amelio, and Alfonso

Amelio, appearing pro se, hereby move this Court for relief from the following three orders

entered June 18, 2026, each of which is independently void or erroneous:

- Dkt. No. 40 — Order denying recusal, signed by the very judge whose disqualification was sought, in direct violation of 28 U.S.C. § 144's mandatory command that the challenged judge 'shall proceed no further' — never served on any Defendant;

- Dkt. No. 41 — Sanctions Order imposing $1,500 on Defendants under Rule 11, entered without notice, without service of the underlying show cause (confirmed by Dkt. Nos. 37, 38, 39), and without any opportunity to respond — never served on any Defendant; and

- Dkt. No. 42 — Judgment entered June 18, 2026, which: (a) orders dismissal with prejudice in violation of 28 U.S.C. § 1447(c)'s mandatory remand requirement — a defect the Order itself acknowledged, yet chose 'judicial economy' over the statute's mandatory command, contrary to Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 10 (E.D.N.Y. 2005) and Deutsche Bank Nat'l Tr. Co. v. Reddy, 2023 WL 8253767 (D. Conn. 2023), both of which remanded in identical pro se foreclosure removal fact patterns; (b) incorporates the void Dkt. No. 41 sanctions; and (c) was entered June 18, 2026 — one day after the certified mail returns were docketed — and was never confirmed as delivered to any Defendant.

**TIMELINESS:** This motion is filed pursuant to Fed. R. Civ. P. 59(e), which requires filing within 28 days of entry of judgment. The Judgment was entered June 18, 2026. The 28-day deadline falls on July 16, 2026. This motion is timely. Additionally, Defendants' first Rule 59(e) motion (Dkt. No. 43, filed June 22, 2026) tolls the appeal clock from the Judgment under Fed. R. App. P. 4(a)(4)(A)(iv).

This motion is supported by the accompanying Memorandum of Law and Declaration, and by all

papers previously filed in this matter.

Dated: July 16, 2026
      New Milford, CT

Respectfully submitted,

Carmine Amelio, *Defendant Pro Se*

Alfonso Amelio, *Defendant Pro Se*

Paul Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
(UTICA DIVISION)**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, <br><br> Plaintiff, <br><br> -against- <br><br> CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC., <br><br> Defendants. | CASE NO.: 6:26-cv-0070 MAD/MJK <br> Trial By Jury Requested |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) TARGETING DKT. NOS. 40, 41, AND 42**

## I.  PRELIMINARY STATEMENT

On June 18, 2026, three separate orders were entered in this case — Dkt. Nos. 40, 41, and 42 — each of which is independently void or legally erroneous, and each of which was served on Defendants who had no functioning notice channel to receive them. Each order issued on the same day, compounding the damage of the underlying May 22, 2026 Order that Defendants have already challenged in their pending Rule 59(e) motion (Dkt. No. 43). Together, these three June 18 orders reflect a pattern of procedural errors that independently require correction by this Court.

Most fundamentally: Magistrate Judge Katz ruled on his own recusal motion. That is not a close question of law. 28 U.S.C. § 144 is unambiguous: once a timely and sufficient affidavit is filed,

the challenged judge has no authority to proceed. Dkt. No. 40 is void on its face for this reason alone.

## II.  DKT. NO. 40: MAGISTRATE JUDGE KATZ'S ORDER DENYING HIS OWN RECUSAL IS VOID UNDER 28 U.S.C. § 144

### A.  The Statute Strips the Challenged Judge of Authority to Act

28 U.S.C. § 144 provides:

> *Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.*

The statute is mandatory. The words "shall proceed no further" are not a suggestion — they are a complete withdrawal of authority from the challenged judge from the moment a timely and sufficient affidavit is filed. The statute does not say the challenged judge may rule on whether the affidavit is sufficient and then step aside if he agrees. It says he "shall proceed no further" — full stop — and "another judge shall be assigned."

Defendants filed their Motion to Recuse Magistrate Judge Katz (Dkt. No. 31) on May 4, 2026, accompanied by an affirmation of personal bias pursuant to § 144 (Exhibit A to Dkt. No. 31). From that moment, Magistrate Judge Katz was stripped of authority to act in this proceeding. Yet on June 18, 2026 — more than six weeks after the recusal motion was filed — Magistrate Judge

Katz signed Dkt. No. 40, purporting to deny his own recusal. That order is void on its face: it was signed by a judge who had no authority to sign anything in this case after May 4, 2026.

## B.  A Judge Cannot Rule on His Own Recusal Under § 144

The procedural mechanism of § 144 is specifically designed to prevent what happened here. A judge ruling on whether he himself should be recused presents an obvious conflict: the judge has a personal interest in remaining on the case, which is precisely the interest that § 144 is designed to check. The statute's solution is categorical: remove the question from the challenged judge entirely by mandating reassignment. There is no provision in § 144 for the challenged judge to evaluate the sufficiency of the affidavit — that question goes to the reassigned judge. Dkt. No. 40, signed by the very judge whose disqualification was sought, is a nullity under the statute.

## C.  All Subsequent Actions by Magistrate Judge Katz Are Tainted

The significance of Dkt. No. 40's invalidity extends beyond the recusal ruling itself. If Magistrate Judge Katz had no authority to act in this proceeding after May 4, 2026, then every action he took after that date — including any participation in the proceedings that led to the May 22, 2026 Order (Dkt. No. 34) and the June 18 Judgment (Dkt. No. 42) — occurred without statutory authority. This Court should address this threshold question before allowing any further consequences to flow from orders that a disqualified judge participated in or enabled.

Defendants request that: (a) Dkt. No. 40 be vacated as void; (b) the recusal motion (Dkt. No. 31) be reassigned to a different judicial officer for determination; and (c) all orders entered after May 4, 2026, in which Magistrate Judge Katz participated, be held in abeyance pending resolution of the reassigned recusal motion.

### III.  DKT. NO. 41: THE SANCTIONS ORDER IS VOID BECAUSE THE SHOW CAUSE WAS NEVER SERVED

### A.  Rule 11 Requires Notice and an Opportunity to Respond Before Sanctions Are Imposed

Fed. R. Civ. P. 11(c)(1) provides that sanctions may be imposed "after notice and a reasonable opportunity to respond." This is not a technical formality — it is a constitutional requirement. A sanctions order imposed without the sanctioned party ever having received notice of the show cause, or any opportunity to respond, violates both Rule 11(c)(1) and the Due Process Clause of the Fifth Amendment.

### B.  The Show Cause Was Never Served — Established by This Court's Own Docket

The Rule 11 show cause directive appeared in the May 22, 2026 Order (Dkt. No. 34), which set a response deadline of June 5, 2026. This Court's own docket establishes, without need for any disputed factual finding, that the May 22 Order was never delivered to any Defendant:

- Dkt. No. 34, Clerk's Correction (May 26, 2026): "Due to a postage meter failure on May 22, 2026, the order was not mailed to defendants by regular and certified mail on May 26, 2026."

- Dkt. No. 37 (June 17, 2026): certified mail to Alfonso Amelio returned "Not Deliverable as Addressed — Unable to Forward."

- Dkt. No. 38 (June 17, 2026): certified mail to Carmine Amelio returned "Not Deliverable as Addressed — Unable to Forward."

- Dkt. No. 39 (June 17, 2026): certified mail to Paul Amelio returned "Not Deliverable as Addressed — Unable to Forward."

These four entries are not disputed — they are the Court's own records. They establish that the show cause directive was never served on any Defendant. No Defendant received notice of the June 5 deadline. No Defendant had any opportunity to respond before the deadline passed. Yet on June 18, 2026 — thirteen days after a deadline that no Defendant ever knew existed — this Court imposed $1,500 in sanctions.

## C.  The Sanctions Order Cannot Stand on This Record

The constitutional minimum is notice "reasonably calculated, under all the circumstances, to apprise interested parties." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Service through a mail system that the Court's own docket already confirmed had failed — through a postage meter failure and three returned certified mail envelopes — does not meet that standard. Imposing financial sanctions of $1,500 on parties who never received notice of the show cause, never knew a deadline existed, and never had any opportunity to respond is a violation of Rule 11(c)(1) and due process. Dkt. No. 41 should be vacated in its entirety.

## D.  The Sanctions Were Also Premature Because the May 22 Rule 59(e) Motion Was Pending

Defendants filed their first Rule 59(e) motion on June 22, 2026 (Dkt. No. 43), targeting the May 22, 2026 Order (Dkt. No. 34) that contained the show cause directive. A Rule 59(e) motion challenges the underlying judgment; sanctions that flow from that judgment should not be imposed while a timely challenge to the judgment itself is pending. The June 18 sanctions order was entered four days before Defendants' Rule 59(e) motion was filed — but only because Defendants had not yet discovered the May 22 Order (they discovered it on June 17-18, the same day the sanctions order issued). Had Defendants received timely notice of the May 22 Order,

their Rule 59(e) motion would have been filed before June 18, and the sanctions order would have been premature on its face. The non-receipt of the underlying order is thus both the cause of the Rule 59(e) motion's timing and the reason the sanctions cannot stand.

## IV.  DKT. NO. 42: THE JUDGMENT INCORPORATES CLEAR LEGAL ERROR — DISMISSAL WITH PREJUDICE VIOLATES 28 U.S.C. § 1447(c)

### A.  The Judgment Orders Dismissal Where the Statute Mandates Remand

The Judgment (Dkt. No. 42) orders that Defendants' Notice of Removal "is DISMISSED with prejudice." This disposition violates the plain mandatory text of 28 U.S.C. § 1447(c), which provides: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall be remanded."** The word "shall" is mandatory. The statute identifies one and only one permissible disposition when subject matter jurisdiction is lacking: remand. It does not authorize dismissal — and certainly not dismissal with prejudice.

The May 22, 2026 Order that the Judgment incorporates acknowledged this directly. It stated that Defendants **"correctly point out"** that § 1447(c) requires remand. (Dkt. No. 34 at 11.) The Order then cited two cases in this Circuit where courts chose remand — not dismissal — when faced with an improperly removed state-court final judgment involving a pro se defendant:

- Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 10 (E.D.N.Y. 2005) — remanded the improperly removed state-court final judgment and noted the availability of appellate review through the New York court system.

- Deutsche Bank Nat'l Tr. Co. v. Reddy, No. 3:23-CV-979, 2023 WL 8253767, *3 (D. Conn. Nov. 29, 2023) — remanded rather than dismissed, expressing specific "concern[] that outright dismissal would prejudice [the defendant], who [was] acting pro se to

litigate various post-judgment issues, and who may not have predicted that his attempt to remove the case would result in dismissal."

## B.  Judicial Economy Cannot Override a Mandatory Statutory Command

Despite acknowledging the correct rule and citing two cases that applied it in favor of pro se defendants, the Order chose dismissal based on **"judicial economy"** — specifically, that "remanding would place a resolved, non-appealable matter back into New York's court system and undermine judicial economy." (Dkt. No. 34 at 11.) This reasoning cannot support dismissal with prejudice under § 1447(c) for a straightforward reason: judicial economy is not a statutory exception to a mandatory command. Congress used the word "shall" — courts cannot engraft an efficiency exception onto mandatory statutory language. Where Congress has specified the exclusive remedy for a jurisdictional defect in a removed case, a court's preference for a different disposition cannot override that command.

## C.  Dismissal with Prejudice Creates Irreversible Harm Not Authorized by Statute

The distinction between remand and dismissal with prejudice is not academic — it is the difference between Defendants having a forum to assert their rights and having no forum at all. Remand returns the case to state court where Defendants retain all their defenses, including: the constitutional challenge to defective service of process under CPLR § 308(4); the § 1446(d) automatic stay violation arising from the foreclosure sale conducted on the same date removal was filed; and all other substantive defenses to the foreclosure. Dismissal with prejudice permanently extinguishes those rights through a res judicata bar — adjudicating on the merits claims that were never litigated, in a proceeding Defendants never received notice of, based on a rationale the statute does not permit.

Critically, the Judgment also incorporates the $1,500 sanctions ordered by Dkt. No. 41 — sanctions imposed without notice, without service of the underlying show cause, and without any opportunity to respond, as established by this Court's own docket (Dkt. Nos. 37, 38, 39 — all three certified mail pieces returned undeliverable). A final judgment that gives effect to a void underlying sanctions order is itself subject to correction under Rule 59(e).

For all of the foregoing reasons, the Judgment (Dkt. No. 42) should be held in abeyance pending resolution of both this motion and the pending Rule 59(e) motion (Dkt. No. 43). Defendants' appeal rights are fully preserved by the tolling effect of both pending Rule 59(e) motions under Fed. R. App. P. 4(a)(4)(A)(iv), which provides that the time to appeal runs from the entry of the order disposing of the last pending Rule 59(e) motion. No Notice of Appeal is required until both motions are decided.

## V.  THE PATTERN OF PROCEEDING WITHOUT NOTICE REQUIRES CORRECTION

From May 22, 2026 through June 18, 2026 — a period of 27 days — this Court entered four consequential orders against Defendants (Dkt. Nos. 34, 40, 41, 42). During that entire period, not a single order was received by any Defendant. The Court's own docket establishes this without dispute: a postage meter failure (Dkt. No. 34, Clerk's Correction, May 26, 2026) and three returned certified mail envelopes (Dkt. Nos. 37, 38, 39, June 17, 2026). Defendants discovered all four orders only by checking the CM/ECF docket on their own initiative on June 17-18, 2026.

This motion is Defendants' second Rule 59(e) motion in this proceeding. The first, filed June 22, 2026 and docketed as Dkt. No. 43, targets the May 22, 2026 Order (Dkt. No. 34) and remains pending. Response is due July 14, 2026; reply July 21, 2026. The Judgment (Dkt. No. 42) incorporates and gives final effect to both the May 22 Order and the three June 18 orders.

Defendants respectfully request that this Court consolidate consideration of Dkt. No. 43 and this motion, hold the Judgment in abeyance pending resolution of both, and note that the appeal clock is tolled by both pending Rule 59(e) motions under Fed. R. App. P. 4(a)(4)(A)(iv).

## VI.  CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court: (1) vacate Dkt. No. 40 as void, reassign the recusal motion (Dkt. No. 31) to a different judicial officer, and hold all orders in which Magistrate Judge Katz participated after May 4, 2026 in abeyance pending resolution of the reassigned recusal motion; (2) vacate Dkt. No. 41 in its entirety as the sanctions were imposed without notice or an opportunity to respond in violation of Fed. R. Civ. P. 11(c)(1) and the Due Process Clause; (3) hold Dkt. No. 42 in abeyance pending resolution of this motion and the pending Rule 59(e) motion (Dkt. No. 43); (4) consolidate consideration of Dkt. No. 43 and this motion; (5) toll all appellate deadlines from Dkt. No. 42 pending resolution of both Rule 59(e) motions, consistent with Fed. R. App. P. 4(a)(4)(A)(iv); and (6) grant such other and further relief as this Court deems just and proper.

Dated:  July 16, 2026                           Respectfully submitted,
        New Milford, CT

Carmine Amelio, *Defendant Pro Se*

Alfonso Amelio, *Defendant Pro Se*

Paul Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
**(UTICA DIVISION)**

|  |  |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, <br><br>      Plaintiff, <br><br> -against- <br><br> CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC., <br><br>      Defendants. | CASE NO.: 6:26-cv-0070 MAD/MJK <br> Trial By Jury Requested |

# EXHIBIT A

**DECLARATION OF CARMINE P. AMELIO IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT TARGETING DKT. NOS. 40, 41, AND 42**

STATE OF CONNECTICUT
COUNTY OF LITCHFIELD

I, Carmine P. Amelio, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.  I am a named Defendant in the above-captioned action, appearing pro se on behalf of myself and as authorized agent for co-Defendants Paul A. Amelio and Alfonso Amelio.

**2.** On approximately June 17-18, 2026, I reviewed the CM/ECF docket in this case and discovered for the first time that this Court had entered the following orders and judgment, none of which I or my co-Defendants had previously received: (a) the May 22, 2026 Memorandum-Decision and Order (Dkt. No. 34); (b) Dkt. No. 40 (Order denying recusal, signed June 18, 2026 by Magistrate Judge Katz); (c) Dkt. No. 41 (Order for Sanctions of $1,500, signed June 18, 2026 by Judge D'Agostino); and (d) Dkt. No. 42 (Judgment, entered June 18, 2026).

**3.** I have confirmed with Paul A. Amelio and Alfonso Amelio that neither of them received Dkt. Nos. 34, 40, 41, or 42 by mail or any other means prior to my discovery of them on the CM/ECF docket on approximately June 17-18, 2026.

**4.** I am aware that Dkt. Nos. 37, 38, and 39, entered June 17, 2026, reflect that all three certified mail envelopes addressed to each Defendant individually were returned "Not Deliverable as Addressed — Unable to Forward." I am also aware that the Clerk's Correction at Dkt. No. 34 (entered May 26, 2026) states that a postage meter failure on May 22, 2026 prevented mailing of the May 22 Order as originally directed.

**5.** Defendants were denied access to CM/ECF electronic filing and notification by the Court. As a result, Defendants have no automatic electronic notification of docket entries and rely exclusively on physical mail for notice of court orders. The physical mail system has demonstrably failed in this proceeding, as documented by Dkt. Nos. 37, 38, 39, and the Clerk's Correction at Dkt. No. 34.

**6.** The USPS mailbox at 37 Main Street #337, New Milford, CT 06776 lapsed on or about June 1, 2026 due to a missed rental payment arising from financial hardship. This Court has granted Defendant Carmine P. Amelio in forma pauperis status (Dkt. No. 3), reflecting a finding of indigence. The mailbox has since been renewed and is currently active.

**7.** Defendants' Motion to Recuse Magistrate Judge Katz (Dkt. No. 31) was filed May 4, 2026, and included an affirmation of personal bias pursuant to 28 U.S.C. § 144 as Exhibit A. Defendants did not authorize or consent to Magistrate Judge Katz ruling on his own recusal, and Defendants were not aware that he had done so until they discovered Dkt. No. 40 on the CM/ECF docket on approximately June 17-18, 2026.

**8.** Upon discovering Dkt. Nos. 34, 40, 41, and 42 on approximately June 17-18, 2026, Defendants prepared and filed their first Rule 59(e) motion (Dkt. No. 43) on June 22, 2026, and are filing this second motion promptly thereafter.

**9.** I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 16, 2026, New Milford, CT

Carmine Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
**(UTICA DIVISION)**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>     Plaintiff,<br><br>-against-<br><br>CARMINE P. AMELIO; PAUL A. AMELIO; ALFONSO AMELIO; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUICKEN LOANS, INC.,<br><br>     Defendants. | CASE NO.: 6:26-cv-0070 MAD/MJK<br>Trial By Jury Requested<br><br>Removed from:<br>Supreme Court of the State of New York, Oneida County<br>Index No: EFCA2023-000004 |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a true and correct copy of the foregoing Notice of Motion, Memorandum of Law, and Declaration was served upon counsel for Plaintiff, Sean K. Monahan, Esq., Friedman Vartolo LLP, 1325 Franklin Avenue, Suite 160, Garden City, NY 11530, via [first-class mail and/or electronic mail].

Dated: July 16, 2026
      New Milford, CT

Respectfully submitted,

_____
Carmine Amelio, *Defendant Pro Se*

37 Main Street #337
New Milford, CT 06776
Phone: 412-612-6774
e. cpamelio@gmail.com